## CHAMBERLAIN & CO. v. RANKIN.

*Contract of Sale.   Fraudulent Representations.   Practice.*
*Evidence.*

In case for deceit in the sale of wool, it appeared that defendant represented the wool to be ordinary fleece wool, when, in fact, there was a large quantity of pulled wool, tag-locks, and other foreign matter rolled inside of the fleeces.  Defendant sought to introduce evidence of the custom of buyers in examining wool when buying it, which was excluded.  *Held*, that plaintiffs had a right to rely on defendant's representation, whatever the custom of buyers in examining, and that the evidence was properly excluded.

It having appeared that plaintiffs knew before the purchase, that some of the wool was unwashed, and had been kept so long that the fiber was impaired, the defendant offered evidence to show that the agent of plaintiffs who made the purchase had several times said before making it, that he had seen the wool, that it was damaged, and that he did not want to buy it; which the agent denied.  The court charged that the evidence was to be considered only as affecting the agent's credibility as a witness.  *Held*, that though such evidence was evidence in chief, tending to show that he had the knowledge thereby indicated at the time of purchase, yet as it had no tendency to show that he had knowledge of the defects for which plaintiffs sought to recover, and as it only tended to show his knowledge of what was already known to the plaintiffs, the charge was without error of which the defendant could complain.

It appeared that the plaintiffs did not cleanse the inferior kind of wool, nor sell it until after suit was brought; that they could not tell what they received for it; and that they did not sell the different kinds separately.  *Held*, that those facts were not to be taken as against plaintiffs, unless it appeared that they withheld information relative thereto that they reasonably might have furnished, or might have expected to be called on to furnish.

CASE for deceit in the sale of wool.   Plea, the general issue, and trial by jury, June Term, 1876, Caledonia County, Ross, J., presiding.   Verdict for plaintiffs.

The plaintiffs introduced evidence tending to show, that through their agent, John Bacon, they purchased of the defendant in June, 1871, about 6000 lbs. of wool in fleeces, taken from the defendant's sheep, and comprising the product of his flock for eight or nine years; that the wool was done up by fleeces, and tied with strings in the ordinary manner, and was represented to be ordinary fleece wool; that the plaintiffs knew that some of it was unwashed, and that some of it had been kept so long that the

fiber had become tender, and that their agent reserved the right to, and did, throw out fifty fleeces from the whole lot; that when the fleeces were opened, it was found that many of them had been divided, and a large quantity of wool pulled from dead sheep, and dung-locks and tag-locks, more than would ordinarily come from the sheep, had been rolled together and put inside of the better portions of the whole fleeces, and of the halves of the divided fleeces; that this foreign material had the appearance of having been wet when put into the fleeces and parts of fleeces, and had heated and discolored some of the wool, and rendered it tender in fiber; that nearly one fourth of the whole purchase was of such foreign material, and comparatively worthless; and that the plaintiffs were put to considerable expense in separating it from the natural fleeces.

The defendant's testimony tended to show, that he told the plaintiffs' agent that some of the fleeces had been divided, and that there was a quantity of pulled wool included in the purchase, and to deny the stuffing of the fleeces with any foreign material, except that of which he informed the agent when he bargained for the wool.

The defendant introduced as a witness, Benjamin Greenbanks, a manufacturer and a purchaser of wool, and offered to show by him his custom and the custom of wool buyers in the vicinity, generally, as to making examination of wool of the kind in question when buying it, and particularly as to untying and examining the internal portions of the fleeces; but the evidence was excluded, to which the defendant excepted.

The defendant introduced several witnesses who testified to several conversations had with plaintiffs' agent before the purchase of the wool, but not on any occasion when he was negotiating with the defendant for it, in which, as they testified, he said he had seen the defendant's wool, that it was damaged, that he did not want to buy it, and that he wanted good wool. The agent denied having said this, but admitted that he might have said that some of the wool had been kept so long as to be tender, and that he could not afford to pay the defendant's price. It appeared that in selling the wool the plaintiffs did not sell the

different kinds separately, nor cleanse that portion that they claimed was inferior wool, or stuffing, by itself, and that they could not tell what they received for it. It appeared also that the plaintiffs did not sell the wool till suit was brought. The defendant requested the court to charge that these facts were to be taken against the plaintiffs. But the court charged that it was to be determined from the testimony whether the plaintiffs could have reasonably produced evidence of the amount they received for the wool, and whether they were guilty of withholding any information that they reasonably might have furnished, or might reasonably have expected to be called upon to furnish; and that if they were so guilty, and in that case only, it was to be taken against them. The court also charged, that if the plaintiffs' agent made the declarations testified to, they should be considered only as affecting his credibility as a witness, and not as tending to establish the matter of those declarations as a fact. To the refusal to charge as requested, and to the charge as given, the defendant excepted. There were other questions raised as to the admissibility of evidence, and as to the propriety of other portions of the charge, but as they were not insisted on in argument, they are not stated.

*A. M. Dickey* and *Blodgett*, for the defendant, cited 2 Stark. Ev. 444 *et seq.;* 2 Greenl. Ev. 246, 249; *Earle* v. *Grout*, 46 Vt. 113; *Austin* v. *Chittenden*, 33 Vt. 553.

*Belden & Ide*, for the plaintiffs, cited *Nye* v. *Spalding et al.* 11 Vt. 501; *Hinckley* v. *Barnstable*, 109 Mass. 126; *Wadley* v. *Davis*, 53 Barb. 500; *Collins* v. *New England Iron Co.* 115 Mass. 23; *Linsley* v. *Lovely*, 26 Vt. 123, 136; *Hine* v. *Pomeroy et als.* 40 Vt. 103; *Knight* v. *Petroleum Co.* 44 Vt. 472, 475; *Lewis* v. *Thatcher*, 15 Mass. 431; *Todd* v. *Reid*, 4 B. & Ald. 210; *Earle* v. *Grout*, 46 Vt. 113, 125; *Paddock* v. *Strobridge*, 29 Vt. 470; *Howard* v. *Gould*, 28 Vt. 524; *Mallory* v. *Leach*, 35 Vt. 156; *Bruce* v. *Ruler*, 2 M. & R. 3; *Hill* v. *Gray*, 1 Stark. 434; *Oliver* v. *Chapman*, 15 Texas, 400; *Millison* v. *Hock*, 17 Ind. 227.

The opinion of the court was delivered by

PIERPOINT, C. J. A number of exceptions were taken to the rulings of the County Court that are not insisted upon in this court. It is only necessary now to consider such as are insisted upon. The defendant claims that the court erred in excluding the testimony of Greenbanks as to his custom, and the custom of wool-buyers generally in the vicinity, in respect to the manner of examining wool of the kind in question. The plaintiffs' testimony tended to show, that the wool was represented by the defendant to be ordinary fleece wool, but that it was not ; that a large quantity of wool taken from dead sheep, dung-locks and tag-locks, more than would ordinarily come from the sheep, had been rolled together and put inside of the better portions of the whole fleeces, and of the halves of the divided fleeces. If this was so (and the jury have found it to be so), it is no answer to say that the generality of wool-buyers would have detected the fraud, but some would not, for that is all the offer amounts to. If the offer had been to show that it was the universal custom of wool-growers to put such foreign substances into the fleeces, and the buyers so understood, it would have presented a different question. The plaintiff had the right to rely upon the representation that the wool was what it appeared to be—" ordinary fleece wool," and upon the good faith of the defendant that he was not practising a fraud upon him by concealing within the fleeces such foreign matter. We think the testimony was properly excluded.

It is urged by the defendant that the County Court erred in not charging the jury as requested, that the declaration of Bacon as to his knowledge of the quality of the wool, made some time prior to his making the purchase, should be regarded as testimony in chief, and not as impeaching testimony only. The declaration made by Bacon before the purchase, as to knowledge of the quality of the wool, would, undoubtedly, be evidence tending to show that he had such knowledge at the time of the purchase, and would be evidence in chief. But the declarations proved to have been made by Bacon have no tendency to prove that he had any knowledge of the defects in the wool that the plaintiffs brought their action to recover for, or made claim for on the trial. The

plaintiffs conceded and proved that they knew that the wool was old, and the fiber impaired by time, and that some of it was unwashed, in short, that it was not good wool, but damaged, and this is all that the declarations of Bacon tended to show. No declaration was proved tending to show that he had any knowledge of the foreign matter concealed in the fleeces, hence the disposition made of the question by the County Court was correct.

The defendant further claimed, that inasmuch as the plaintiffs " did not sell the wool separately, nor cleanse that portion which they claimed was inferior or stuffing, by itself, and so could not tell what they received for it," and did not sell it until after suit brought, the court erred in not charging the jury that such facts were to be taken against the plaintiffs. We think the charge as stated in the exceptions on this point is all that the defendant had the right to ask, and that there was no error in this respect.

Judgment affirmed.