LUKE G. FISHER *v.* N. G. WILLIAMS, SCHOOL DISTRICT *Trustee, and* LIZZIE WILLIAMS, *Claimant.*

*Trustee Process. Gift from Husband to Wife. Judgment cannot be Attacked Collaterally.*

The claimant was the wife of the principal defendant. He gave her the demand for the payment for boarding the teacher, and she did the work and furnished part of the provisions. It did not affirmatively appear that there were any creditors of the husband when the gift was made. The claimant had obtained a judgment in her favor against the trustee. *Held*, that the trustee should be discharged; because (*a*) the husband could give to his wife her earnings, or make any gift to her if he were not indebted; (*b*) the judgment is conclusive, and cannot be attacked collaterally, although it was rendered "without prejudice" to the plaintiff's rights.

TRUSTEE PROCESS. Heard, March Term, 1884, POWERS, J., presiding. Judgment that the trustee be discharged.

*S. C. Shurtleff*, for the plaintiff.

*J. P. Lampson*, for the claimant.

The opinion of the court was delivered by

Ross, J. We think that the judgment in the County Court was correct upon two grounds:

I. The facts found show that the defendant gave his wife, the claimant, the demand for the payment for boarding the teacher, when the contract for such board was made; that she remained at Cabot, instead of going to Montpelier with her husband, and did the work and furnished part of the provisions for such board. It is conceded that the earnings of the wife were exempt from being taken for the payment of the husband's debts. Hence he could give such earnings to her against his creditors even. Such earnings constitute the greater part of the demand for the board. The gift of the small amount furnished by the husband towards the board could hardly be held to work a fraud upon his creditors, if any such he had. The husband had the right to make a gift of any of his property to his wife to any amount except against his then existing creditors. It does not affirmatively appear that there were any creditors of the husband at the time he agreed with his wife she might have the money for boarding the teacher. The only claim against the husband, disclosed in the exceptions, is that of the plaintiff for rent of the house involved in this suit. The defendant denies that he is indebted to the plaintiff on this claim; and so far as shown by the exceptions, it has not been ascertained that he is, nor, if he is, that such indebtedness existed at the time the husband gave the wife the demand due for boarding the teacher.

II. It has been lawfully adjudged in a suit in her favor against the trustee, that the trustee is indebted to the claimant personally for boarding the teacher. That judgment having been ren-

Fisher *v.* Williams.

dered by a court having jurisdiction both of the parties and of the subject matter, cannot be attacked collaterally. While it remains in force, it is conclusive of the fact that the debt sought to be attached by the trustee process is due to the claimant and not to the defendant. It is contended that the judgment was rendered "without prejudice" to the plaintiff's right to hold the sum due from the school district in this suit. We know of no practice, nor authority, by which a court can thus qualify a judgment. That was a judgment between the parties to the suit—the claimant and the school district. The plaintiff was not a party to that suit. How any rights could be reserved in the judgment in favor of a person who was neither a party, nor a proper person to be made party, to the suit, is beyond the comprehension of this court. If the suit had been in favor of the defendant against the district, the statute provides that the plaintiff in the trustee suit may have it stayed—beyond ascertaining therein what may be due from the trustee—until his trustee suit is ended. But beyond this, the statute makes no provision in favor of a plaintiff in a trustee suit in regard to a suit by the defendant against the supposed trustee. There is no such provision in regard to a suit by the claimant against the supposed trustee. When, therefore, the court rendered a judgment, that the fund sought to be attached in this suit belonged to the claimant, it concluded not only the claimant and trustee, but established judicially that the fund was the property of the claimant, and for that reason not attachable by the trustee process as the property of the defendant.

The judgment is affirmed.