## AGNES CAIRNS, EXECUTRIX, v. JOHN MOONEY.

*A question of fact determining the competency of a witness is for the court.*

1. The question of the competency or incompetency of a witness is always for the court, and when a fact must be decided in determining that question, such fact is for the court.

2. So, where the defendant claimed the right to testify, because the contract in issue was made with the agent of the plaintiff's estate, and not the testate himself, the trial court should determine that question, and admit or reject the testimony accordingly.

Action, assumpsit. Plea, the general issue. Trial by jury, at the September Term, 1889, POWERS, J., presiding. Verdict and judgment for the plaintiff. Exceptions by the defendant.

The plaintiff sued for the price of certain apples sold by her testator to the defendant. The defendant claimed that the quality of the apples was not according to the contract, and offered to so testify himself. To his testimony the plaintiff objected, for that the other party to the contract was dead. Thereupon the defendant insisted, and his evidence tended to show, that the contract was not made with the testator but with his son, acting as his agent. The court excluded the evidence.

*L. W. Redington* and *H. A. Harman*, for the defendant.

When the contract is made with the agent of the deceased party the other party may testify. In such case both the persons who made the contract are living, hence no injustice is done. PECK, J., 38 Vt. 514; STEELE, J., 42 Vt. 408; *Read* v. *Sturtevant*, 40 Vt. 521.

The question whether the contract was in fact made with the agent or with the testator should have been submitted to the jury and not decided by the court. *Cheney* v. *Pierce*, 38 Vt. 515.

*P. R. Kendall*, for the plaintiff.

One party cannot testify where the other party has deceased, whether the contract was made by the deceased personally or through his agent. What a person does by an agent he does himself. *Dawson* v. *Wait*, 41 Vt. 629 ; *Bradish* v. *Belknap*, 46 Vt. 1 ; *Hayward* v. *French*, 12 Gray, 453.

The opinion of the court was delivered by

TAFT, J.    The defendant was not a competent witness, "unless the contract in issue was originally made with a person who is (was) living and competent to testify." The defendant claimed that the contract for the apples was made with Harvey Cairns, acting as agent for the testate, and who was present at the trial and testified. Conceding that the testimony of the defendant's witness tended to establish the fact of agency, the question was one for the court. The defendant insists that he should have been permitted to testify, and the question of agency submitted to the jury, and if they found it established, they should then consider the testimony of the defendant upon the various points upon which he gave testimony, and if they did not find the fact of agency proved, reject the testimony. It was a question of competency or incompetency of the defendant as a witness, and that question is always for the court, and should never be submitted to the jury. 1 Greenl. Ev. (14th Ed.) s. 49 and *note a ;* 1 Tay. Ev. s. 21 ; *Bartlett* v. *Smith*, 11 M. &. W. 483 ; *Reg* v. *Hill*, 5 Eng. L. & Eq. 547 ; *Cook* v. *Mix*, 11 Conn. 432 ; *Holcomb* v. *Holcomb*, 28 Conn. 177 ; *Harris* v. *Wilson*, 7 Wend. 57 ; *Reynolds* v. *Lounsbury*, 6 Hill, 534 ; *Dole* v. *Winslow*, 12 Met. 157 ; *McManagil* v. *Ross*, 20 Pick. 99.    In some jurisdictions it has been held that, in doubtful cases, it is not improper to refer the existence of the facts upon which the competency depends to the jury ; and, in some instances, it is intimated that it should be done. *Hartford F. Ins. Co.* v. *Reynolds*, 36 Mich. 502 ; *Johnson* v. *Kendall*, 20 N. H. 304 ; *Bartlett* v. *Hoyt*, 33 N. H. 151 ; *Dart* v *Heilner*, 3 Rawle, 407 ; *Gordon* v. *Bowens*, 16 Penn. St. 226 ; *Haynes* v. *Hemsicker*, 26 Penn. St. 58.

(12)

Questions of fact affecting the admissibility of testimony often arise, and it would be very inconvenient, if not impracticable, to submit them to the decision of a jury. The testimony as to the competency of a witness, and that of the witness as to the issues upon trial, would all go to the jury with directions that if they found the witness incompetent, it would be their duty to disregard his evidence upon the main issues, which in many instances it might be impossible to do. Having heard the illegal testimony discussed by counsel, the confusion which would probably arise in separating the legal from the illegitimate testimony would no doubt lead to the rendition of erroneous verdicts, with no relief for the unfortunate party; and certainly this should not be the rule in a jurisdiction where the admission of illegal evidence is not cured by a direction from the court to disregard it. *State* v. *Hopkins*, 50 Vt. 316; *State* v. *Meader*, 54 Vt. 126; *Hall* v. *Jones*, 55 Vt. 297; Rob. Dig. 700, pl. 55.

In *Cook* v. *Mix, supra*, the question was whether the witness had an interest in the event of the suit and the court said it " was a question of fact to be determined on the evidence before the court. It is claimed in the first place, that the judge mistook the law in not submitting this question to the jury, and this claim has been gravely urged before this court, It is sufficient to observe that the claim is as unfounded as it is novel, that it has no support either in principle or authority, and is utterly incapable of being reduced to practice."

It is not by any means true that all questions of fact in a jury trial must be left to the jury; numerous instances where the court passes upon such questions can be readily called to mind, *e. g.*, whether a witness is an expert; or a dying declarant entertained hopes of recovery; or a writing to be used as a test in comparison of handwriting is proved; or a witness has sufficient mental capacity to testify, or is the husband or wife of the party; or declarations are so far a part of the *res gestæ* as to be admissible; or a confession was induced by threats; or a document has been duly or sufficiently stamped; or sufficient search been made for a lost document to warrant the introduction of secondary

Cairns, Executrix, *v.* Mooney.

·evidence. Many other instances might be given. In the beginning of a jury trial, suppose a woman is offered as a witness for the plaintiff and the defendant objects for that she is the wife of the plaintiff. The question is purely one of fact. Will anyone claim that her testimony should be given upon the main issues, and the ·question of whether wife or not be left to the jury, and then if they find her to be the wife, discard her testimony, but if not, consider it? Conceive that in a suit in favor of several plaintiffs the question should arise in respect to each one. Well might the Connecticut court characterize the claim of the defendant as unfounded as it was novel. The court below not being satisfied from the evidence that the contract in issue was made with the agent of the testate, properly held the defendant incompetent.

*Judgment affirmed.*