A. J. CHADWICK *v.* MARGARET A. WIGGIN.

November Term, 1921.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed February 9, 1922.

*Question Not Raised by Objection—Competency of Witness for Court—Agency—Evidence—Acts and Declarations of Agent—Secondary Evidence.*

1. In an action to recover for materials sold to defendant through her husband, who had died, as her agent, an objection to the testimony of the plaintiff that he made the contract of sale with the husband, and that the material was bought for use in repairing houses owned by the defendant, did not raise the question of the competency of the witness.

2. When the competency of a witness depends upon agency the question is for the court, but, when agency is relied upon as a basis of recovery, the question is for the jury.

3. The acts and admissions of an alleged agent cannot be received in evidence to bind another until the fact of agency and its scope are evidenced in some lawful way.

4. The relationship of husband and wife does not of itself warrant the inference that one was the agent of the other, but it is a circumstance entitled to consideration in connection with other circumstances tending to show the fact of agency.

5. Evidence held sufficient to make a *prima facie* case of agency within the scope of which the acts and declarations of defendant's husband came so as to be admissible against her.

6. A copy of a written statement of the materials sued for furnished plaintiff by defendant's husband, the original having been lost, was admissible as secondary evidence of what the statement showed, but was not admissible as independent evidence of its contents.

ACTION OF CONTRACT. Plea, the general issue. Trial by jury at the December Term, 1919, Windsor County, *Stanton,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Wade Keyes* for the defendant.

*Raymond Trainor* for the plaintiff.

POWERS, J.   The plaintiff seeks to recover for a quantity of building materials sold to the defendant through her husband, who died before the trial, as her agent.

[1, 2]   Subject to exception, the plaintiff was allowed to testify that he made the contract of sale with the husband, and that the materials were bought for use in repairing certain houses owned by the defendant.   The latter treats the question raised by this exception as one of the competency of the witness, and argues that when competency is the question, the matter of agency is a preliminary question for the court.   But the objection below was to the testimony, and not to the witness, and no question of competency was before the court.   *French* v. *Slack*, 89 Vt. 514, 96 Atl. 6; *Cook* v. *Lane*, 86 Vt. 253, 84 Atl. 864.   It is true that one ground of objection was the lack of evidence of agency, but it was not made sufficiently clear that this had reference to the competency of the witness, and not to agency as a basis of recovery.   As the defendant argues, the question of competency is always for the court.   *Cairns* v. *Mooney*, 62 Vt. 172, 19 Atl. 225.   And, when it depends on agency, that question is for the court.   *Dickerman* v. *Quincy Mutual Fire Ins. Co.*, 67 Vt. 609, 32 Atl. 498.   But when agency is relied upon as a basis of recovery, the question is for the jury.   *Taplin & Rowell* v. *Marcy*, 81 Vt. 428, 71 Atl. 72; *Camp* v. *Barber*, 87 Vt. 235, 88 Atl. 812, Ann. Cas. 1917 A, 451.   The plaintiff here was seeking to charge the defendant by showing that her husband acted in the matter as her agent; so the argument of the defendant does not apply.

[3-5]   The defendant also excepted when the plaintiff was allowed to state what the husband said at the time of the purchase as to what the materials were wanted for and where they were to be used.   The acts and admissions of an alleged agent cannot be received to bind another until the fact of agency and its scope are evidenced in some lawful way.   If the evidence has a legal tendency to show these facts, and that the act or admission is within the scope of the agency, such act or admission is legal evidence.   *Livingston Mfg. Co.* v. *Rizzi Bros.*, 86 Vt. 419, 85 Atl. 912.   It cannot reasonably be denied that such evidence was in

this case when these statements were admitted. The parties were husband and wife; and while this did not of itself warrant the inference that one was agent for the other, it was a circumstance entitled to consideration when taken in connection with other circumstances tending to show the fact of agency. *Barrett v. Gluting,* 3 Ind. App. 415, 29 N. E. 154, 927; *Brown v. Woodward,* 75 Conn. 254, 53 Atl. 112; *Lindquist v. Dickson,* 98 Minn. 369, 107 N. W. 958, 6 L. R. A. (N. S.) 729, 8 Ann. Cas. 1024. They lived together in the village of Quechee, where the defendant owned six houses, five of which were rented to others. Some of these tenement houses were being repaired, and the materials here in question were used in such repairs. The husband, in the main, superintended these repairs, though the defendant looked after the work some. He ordered the materials for the repairs, both those here in question and others. He collected the rents, and had general supervision over the houses. All of these facts were within the fair tendency of the evidence, and most of them were testified to by the defendant herself. They made a *prima facie* case of agency within the scope of which the acts and statements in question fairly came.

The defendant saved several exceptions to the charge, but, as stated in her brief, they are all included in the exception last discussed, and do not require separate treatment.

[6] The plaintiff testified that the husband of the defendant kept an account of the materials sued for, and furnished him with a statement thereof; that the original statement had been lost; that, before it was lost, the plaintiff copied it on the last page of a book he presented in court. That page of the book was admitted in evidence, and the defendant excepted.

It is argued that the page referred to was not independent evidence of what it showed. To this we agree. But the answer is that it was not admitted as independent evidence. It was not a book account and was not admissible as such. It was merely a copy of a lost writing. That the original writing would have been admissible as an admission of what materials the defendant had of the plaintiff cannot be doubted. This being so, the copy was admissible as secondary evidence of the facts. *Gates v. Bowker,* 18 Vt. 23; *Spear v. Tilson,* 24 Vt. 420; *Tucker v. Bradley,* 33 Vt. 324; *In re Roger's Will,* 80 Vt. 259, 67 Atl. 726.

It is further claimed that if any part of the book was admitted, the whole of it should have been received. But the whole book was received, not at first, to be sure, but finally.

*Judgment affirmed.*