HOLBROOK GROCERY COMPANY *v.* H. A. ARMSTRONG.

February Term, 1923.

Present: WATSON, C. J., POWERS, TAYLOR, SLACK, and BUTLER, JJ.

Opinion filed October 3, 1923.

*Sales—Fraud—Fraudulent Representations—Jury Question—Evidence—Fraud and False Representations Admissible to Avoid Contract—Evidence to Show Meaning of Language Used—Admissions—Circumstances at Time of Sale to Test Representations Made—Qualification of Expert Witness.*

1.  In an action on a written contract for damages by reason of a buyer's refusal to accept certain Java sugar, a representation by plaintiff's agent, when contract was made, that the sugar was fine granulated sugar, if understood by buyer to refer to grade of fineness rather than quality of sweetness, and intended by such agent to be so understood, and buyer was deceived thereby, was fraudulent.

2.  A statement of an existing fact, made by one without knowledge regarding it, and untrue, is a fraudulent representation.

3.  In an action on a written contract for damages by reason of a buyer's refusal to accept certain sugar, whether statements regarding the degree of fineness of the sugar were made to induce the sale and rightfully relied upon by defendant, and whether the sugar was in fineness as represented *held* for the jury.

4.  Evidence of fraud and false representations does not offend the parol evidence rule, because such evidence tends to disaffirm the contract and to show there was no contract in fact.

5.  Where a seller's agent, in selling Java sugar, made statements as to its fineness, comparing it to American sugar in grade, saying he understood it to be similar though it might not be quite so fine, and the American standard was the only one of which the buyer had knowledge, in an action by seller for breach of the contract of purchase, defended on the ground of fraudulent representations as to fineness of the sugar, evidence of the grade, or size of granules, of American sugar was properly received as tending to show the character, meaning, and

effect of the language used, and how it was intended to be and was understood.

6. In an action on a written contract for damages by reason of a buyer's refusal to accept certain Java sugar, defended on the ground of fraudulent representations as to the fineness of the sugar, whether the grade of fineness of American refined sugar was the standard as understood by the parties was a question of fact for the jury.

7. In such a case defendant's admission that there were three grades of American sugar and that when he ordered American granulated sugar sometimes he would get coarser than others, sometimes fine, and sometimes finer than others, and that on such an order any grade of fineness would satisfy the order, *held* not to constitute an admission that he was not misled by representations that the Java sugar was to be "fine sugar."

8. In such a case, in determining whether the defendant was deceived and the order obtained by fraud and misrepresentation, the representations were properly tested by the circumstances existing at the time the contract was made, but they do not affect the legal responsibility of plaintiff when the essential facts are established.

9. Where there was evidence showing that for eighteen years a witness had been engaged in buying, selling, and dealing in sugar, and had seen and examined Java sugar, the trial court did not err in permitting him to testify as an expert on Java sugar.

10. The question of the qualification of a witness as an expert is for the court.

ACTION OF CONTRACT. Pleas, general denial, and fraudulent representations. Trial by jury at the December Term, 1921, Windsor County, *Wilson, J.*, presiding. Verdict and judgment for the defendant, the plaintiff excepted. The opinion states the case. *Affirmed.*

*Warren R. Austin* and *David A. Pingree* for the plaintiff.

*Raymond Trainor* and *Paul Gilioli* for the defendant.

BUTLER, J.  This is an action for breach of contract, trial by jury, verdict for defendant, exception by plaintiff. Defendant Armstrong bought of the plaintiff through its agent, H. E.

Palmer, twenty bags Java granulated sugar to be delivered f. o. b. Vermont car, about July shipment. The contract was in writing, signed by the parties and dated May 17, 1920. The sugar was ordered by plaintiff from Java, came by steamer to New York, was then shipped to the defendant, and reached White River Junction about August 9, of which defendant had due notice, all in accordance with said written contract. He refused to accept the sugar, and this action is to recover the damages for breach of contract.

That the contract was signed by the defendant and was fully performed on the part of the plaintiff by delivery within the time, and of the kind and quality of sugar called for by the terms of the contract, is not disputed. The amount of damages, if the plaintiff was entitled to recover, was fixed by agreement.

The sole ground of defense is that the defendant was induced to sign the contract or order for sugar, which he would not otherwise have signed, by the false and fraudulent representation of plaintiff's agent, Palmer, that the sugar would be "fine granulated sugar," when in fact it was not "fine granulated sugar," but of a coarser grade, and so the contract was void. This was the sole question in the case, and the question submitted to the jury, on which the verdict and judgment was based. Plaintiff denied any fraud or misrepresentation.

At the close of all the evidence the plaintiff moved the court to direct a verdict in its favor on the ground, in substance, that there was no evidence tending to show that the defendant was in any way misled, or that there was any fraud or misrepresentation of a material fact, such as would vitiate the contract, and that there was no evidence of any statements or representations of such a nature as to entitle defendant to rescind. The motion was overruled, and the plaintiff allowed an exception. The charge of the court was satisfactory. Other exceptions were taken by the plaintiff during the trial to the admission of evidence and rulings of the court, which will be considered later. Plaintiff's exceptions to the ruling of the court on its motion to take the question of fraud from the jury and for a directed verdict in its favor, as well as the motion to set aside the verdict, all raise the question of the legal sufficiency of the representations relied on by the defendant to constitute fraud.

[1-3]  The defendant Armstrong testified that—''Palmer asked me that night if I was going to buy some of that Java sugar, going to order some, and I told Palmer that I was afraid of Java sugar as I had had coarse sugar from Brazil previously and didn't want any more of it.   I wouldn't accept any more of that kind of sugar at any price, and he told me I need not worry about the quality of the sugar, it was fine granulated sugar and I could depend on it.'' That he believed and relied upon the statement of Palmer and thereupon signed the contract.  Witness Hudson testified that defendant told Palmer that ''he didn't want the coarse sugar,'' and that Palmer replied that ''it would be the fine granulated sugar.''   This evidence tended to show that both understood they were using the word ''fine'' as the opposite of ''coarse,'' rather than its quality as to sweetness. It is solely upon these statements of Palmer that fraud is predicated, and defendant insists that he rightfully understood that ''fine sugar'' referred to the size of the particles and not to quality.   Palmer called as a witness for plaintiff testified that— ''I told him the Holbrook Grocery Co., had purchased a large amount of Java granulated sugar and I understood that this was to be a good grade of granulated sugar similar to American sugar, the particles might not be quite as fine, but it was a good grade of granulated sugar nothing like the conservation sugar that he had bought of me or someone else.''   The Brazil sugar, it appears, was sometimes referred to as conservation sugar, but was not a granulated sugar.   Defendant previously had some coarse foreign sugar from Brazil, and the evidence tended to show, when he objected to ordering Java sugar on account of its coarseness, he was assured by Palmer that he need not worry about the quality of the sugar, it was fine granulated sugar, and he could depend upon it.   Defendant was a merchant at White River Junction, was familiar with American refined sugar, but knew nothing about Java sugar or Java granulated sugar. Palmer told him that this sugar had been purchased by the company, and it was this particular sugar that was being sold.   The statement, according to the testimony of Palmer, had reference to a grade of granulated sugar similar to American sugar, and if made as defendant testified was at least capable of being understood as relating to the present fineness of the granules as compared with American sugar, for Palmer said it was to be ''similar

in grade." This was calculated to quiet the defendant's doubts as to coarseness of the sugar, and he had a right to rely thereon in placing the order. If the defendant understood Palmer as referring to the grade of fineness rather than the quality of sweetness, and Palmer intended him to so understand, and so defendant was deceived, it was fraudulent. It was a subject of inquiry by defendant, affecting the essence and substance of the contract, and was material. Stone & Wellington v. Robie, 66 Vt. 245, 29 Atl. 257. The statement of Palmer, if made, was of an existing fact, not of a mere promise of something in the future made while knowing he was without knowledge regarding it, which is enough. Johnson v. Cate, 75 Vt. 100, 53 Atl. 329; Cabot v. Christie, 42 Vt. 121, 1 A. R. 313. Whether these statements were in fact made to induce the sale, and rightfully relied upon by defendant, and whether the sugar was in fineness as represented, were questions for the jury. The rule in this State governing liability for false representation made as an inducement is very carefully stated in the recent case of McAllister v. Benjamin, 96 Vt. 475, 121 Atl. 263. Reference is there made to Stevens v. Blood, 90 Vt. 81, 96 Atl. 697.

[4] Nor does the evidence of fraud and false representations offend the parol evidence rule, because such evidence tends to disaffirm the contract and to show there was no contract in fact. Vaillancourt v. Grand Trunk R. R. Co., 82 Vt. 416, 74 Atl. 99. In the instant case defendant did not seek to change or alter the contract, but sought to avoid the contract for the false representations which induced it. Such representations are not merged in the writing. Shanks v. Whitney, 66 Vt. 405, 29 Atl. 367. The parol evidence rule does not apply when the legal existence or binding force of the instrument is in question. Webster v. Smith, 72 Vt. 12, 47 Atl. 101. So the rule does not forbid evidence that the written contract was induced by fraud. Winn v. Chamberlin, 32 Vt. 318; Wilbur v. Prior, 67 Vt. 508, 32 Atl. 474; Kinnear & Gager Mfg. Co. v. Miner, 88 Vt. 324, 92 Atl. 459; Corey v. Boynton, 82 Vt. 257, 72 Atl. 987.

[5, 6] Plaintiff further contends that evidence of the grade, or size of granules, of American sugar was inadmissible, for the grade of fineness of American sugar was not the standard of fineness for Java sugar which was ordered, and plaintiff did not undertake to compare Java sugar with American sugar, and this

defendant well knew. Whether the grade of fineness of American refined sugar was the standard as understood by the parties was a question of fact. It was the only standard that defendant claimed to have knowledge of. Plaintiff's agent Palmer compared it to American sugar in grade, and said he understood it would be similar, "thought it might not be quite as fine." The evidence tended to show that all granulated sugars are crystal ground and put through screens to separate the granules, that different factories have different sized mesh screens, and grade the sugar accordingly; that there are three or four grades of fineness known to trade and to defendant as standard, fine, very fine—sometimes called extra fine—and coarse, sometimes coarser than others. This was also known to the plaintiff. This was the standard which defendant claimed Palmer induced him to believe was to be used, and the evidence was properly received as tending to show the character, meaning, and effect of the language used, and how it was intended to be and was in fact understood. These are facts for the consideration of the jury, and their finding is conclusive.

[7, 8] The plaintiff contends that his motion should have been granted because "defendant has admitted the facts which show that he was not misled, and that by his custom of business he thoroughly understood that if he was to get any special specification added to his contract for granulated sugar, he must add the specification to the contract, and if he only ordered granulated sugar he expected that he might receive coarse or fine or extra fine granulated sugar, and that in the regular course of business he expected whatever came." But his admission cannot have that effect.

True, defendant admitted that there were three grades of American sugar, and that when he ordered American granulated sugar sometimes he would get coarser than others, sometimes fine, and sometimes finer than others, and that he knew of no difference in sweetness; that on such an order any grade of fineness would satisfy the order. It is on these admissions that plaintiff makes the claim that defendant could not be said to have been misled by the representations that it was to be "fine sugar," for, knowing these facts, he should have so specified in the order. But there was but one grade of fineness of Java granulated sugar. Such an order would have availed nothing. Besides, he had the

assurance of Palmer, as the jury have found, that he need not worry about the quality of the sugar, it would be fine granulated sugar and he could depend upon it, and he was not required to inquire further. *Chamberlain & Co.* v. *Rankin,* 49 Vt. 133. The plaintiff should not be heard to say: "True, our agent misrepresented the fineness of the sugar, but you should have specified 'fine sugar' in your order, failing which you cannot complain." The acute shortage of sugar, the price, substitutes that were being used, and the limited quantities being sold, as well as the sudden slump in prices, were properly considered in determining the facts as to whether the defendant was deceived and the order obtained by fraud and misrepresentation, but do not affect the legal responsibility of plaintiff when the essential facts are established. The representations were properly tested by the circumstances existing at the time the contract was made.

Nothing appears from the records in the case to show that the jury failed to understand the charge of the court, or misapprehended the law which is conceded to have been clearly stated by the presiding judge. *Whitman et ux.* v. *Dailey,* 95 Vt. 454, 115 Atl. 559.

[9, 10] It is said that there was error in permitting witness Ward to testify as an expert on Java sugar because he was not first shown to be qualified; but there was evidence tending to show that for eighteen years he had been engaged in buying, selling, and dealing in sugar, and had seen and examined Java sugar. The question of his qualification was for the court, and the ruling was without error. His testimony as to its merchantability in White River Junction was on objection of plaintiff excluded. He had already answered the question while objection was pending, but there was no motion to strike out, and no exception was saved.

As to the exclusion of evidence offered by plaintiff showing the quality of Java sugar as to sweetness, there was no such question in the case. Defendant expressly waived all question as to sweetness or color. Besides, no exception was saved as to its exclusion.

*Judgment affirmed.*