RICARDO MASSARI ET UX. *v.* GIRARDO BOLOGNANI ET AL.

May Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed October 18, 1932.

476

*Francis E. Morrissey* and *Norton Barber* for defendants.

*Charles A. Maurer* for the plaintiffs.

SLACK, J.   This action is against Girardo Bolognani and five other defendants, for breaking and entering plaintiffs' close, and removing therefrom a quantity of the soil.   The suit was discontinued as to three of the defendants at the close of plaintiffs' evidence.   Those here concerned pleaded the general issue, and special pleas alleging that in what they did they acted as officers and servants of the village of Readsboro; that such soil as they removed was within the limits of a public highway, and was used to repair such highway, and also that plaintiffs gave their consent to its removal.   The verdict and judgment was against them, and the case is here on their exceptions.

■   It appeared that the fee to the land whereon the alleged trespasses were committed was in the plaintiffs.   The defendants, therefore, had the burden of proving the substance of their special pleas.

One of the oldest highways in Readsboro ran southerly from Readsboro village, formerly called Readsboro city, past the Susan Follett place, and was known as the Old Follett Highway, hereafter called the Follett highway.   The records of Readsboro show nothing regarding it, when it was established, whether laid out according to law, or created by dedication.   This may or may not be accounted for by the fact that the records of that town prior to 1793 were burned that year.

The acts complained of were committed immediately east of a road that leads southerly from Readsboro village past the east side of plaintiff's house, past an old mill chimney that stands south of plaintiffs' house, and thence past the Follett place.   At present, this road south of the chimney is used but little, if at all.

The defendants' evidence tended to show that this road had been maintained in its present location as long at least, as a witness, Blanchard, who was in his eighty-second year at the time of the trial, could remember, that it is the Follett highway, and that the alleged trespasses were committed within its limits, while the plaintiffs' evidence tended to show that prior to 1907 the highway from Readsboro village to the Follett place

ran west of their house; that they built the present road east of their house, or most of it, for their own convenience, and that it is no part of the Follett highway.

The defendants produced and attempted to get in evidence a plan of Readsboro village which shows among other things what is marked thereon "Old Follett Highway." They obtained this plan from the New England Power Company, the present owner of land that lies west of plaintiffs' land. It was made from a tracing which was made from a blueprint that formerly belonged to the power company's grantor, but appeared to have been lost. When the blueprint was made, by whom, or for what purpose, did not appear. That it was made since the railroad was built into Readsboro appears from the plan itself.

■ ■ For the purpose of verifying the plan, the defendants offered to show by one Hutton, a surveyor who was a witness for both parties, that he had compared it with the locality and highway, and found evidence which checked with it, and was able to speak of his own knowledge as to its correctness. This was excluded, subject to defendants' exception. While it was not necessary that the plan be verified by the maker, it was necessary that it appear by some one, who was able to speak regarding its accuracy, that it substantially represented the immediate locality in question. Wigmore, Evidence, § 793; *Hassam* v. *J. E. Safford Lumber Co.,* 82 Vt. 444, 74 Atl. 197; *Leland* v. *Leonard,* 95 Vt. 36, 112 Atl. 198. Perhaps the witness could have done this, but the offer was not broad enough to make its exclusion error. Before the court was bound to accept him as sponsor for the plan it was entitled to know the facts disclosed by his examination that led to his conclusion regarding its accuracy. The court might have elicited this information by inquiry, but it was not required to do that, and it was justified in ruling upon the offer as made. Assuming, however, that the evidence should have been received, and that, if it had been, the plan would have been admitted, it is not apparent how defendants were harmed by not having the plan in evidence, since it did not appear that it was made prior to the time when plaintiffs' evidence tended to show that the road was changed. If made later, it would have added nothing to defendants' case because they had already introduced a plan, the accuracy of which

was unquestioned, showing the road as maintained since the claimed change. The exception is unavailing.

■ After the witness Blanchard had testified that he had known the Follett highway as long as he could remember, and that it always ran on the east side of plaintiffs' house, defendants offered to show by him that the tracings marked "Old Follett Highway" on the plan produced by them correctly represented that highway as he used to know it. This was objected to on the ground that it did not appear that the witness knew anything about the plan or what was represented thereon, and was excluded, subject to defendants' exception. There was no evidence that the witness knew anything about this plan, or plans in general, and it is quite apparent from an inspection of this plan that an affirmative answer by him would have been of too slight probative value to affect its admissibility. There is nothing on it to indicate that what is marked Old Follett Highway is in fact such, other than the words themselves. Of the many objects along the present road that might have aided the witness in identifying the tracings as the highway he knew, none appear on the plan. In fact, aside from the words "Old Follett Highway," there is not a single known object on it by which the witness, or any one else, could identify the tracings as accurately, or substantially, representing that highway, or any highway, except the old chimney, and the location of the highway at that point was not in dispute. It is claimed that the witness testified that he knew the boundaries of the highway at the point where the alleged trepasses were committed, but such is not the record. While he did testify that his best judgment was that the digging complained of was within the fences and wall on the east side of the road, he testified that he did not know exactly where the outside boundaries of the road were, and that he did not remember a wall on the east side of the road near plaintiffs' house, but did remember one at the Boccagni place, which is south of plaintiffs' house, and beyond the chimney, where the location of the highway, as we have seen, is not questioned. And it did not appear that he knew that that wall marked the boundaries of the road. In the circumstances, it was not error to exclude the offered evidence.

■ Defendants offered to show by the witness Hutton that the present traveled track was within the bounds of the highway

shown on this plan. This was excluded, but no exception was saved. What is said in the brief regarding its exclusion is, therefore, of no consequence. It may be noted, however, that the offer was limited to the present "traveled track," and did not include the locus where the alleged trespasses were committed.

The plan was offered in evidence and excluded, subject to defendants' exception. The exception is without merit. The preliminary question of the sufficiency of the verification of maps, plans, etc., though one of fact, is for the determination of the court, and is not, ordinarily, reviewable. *Hassam* v. *J. E. Safford Lumber Co., supra; Goulette's Admr.* v. *Grand Trunk Ry. Co.,* 93 Vt. 266, 107 Atl. 118; *Davis' Admr.* v. *Raymond,* 103 Vt. 195, 152 Atl. 806. In this case there was no verification of the plan.

The defendants filed a motion to set aside the verdict on the grounds that it was against the evidence and that the jury disregarded the court's instructions. The first ground of the motion was addressed to the discretion of the court, and its action is not reviewable unless it appears that it withheld or abused its discretion. *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232; *Temple* v. *Atwood,* 99 Vt. 434, 134 Atl. 591. It does not appear that it did either.

All that is said regarding the second ground of the motion is, in effect, that the evidence did not make a case for the plaintiffs, consequently the jury disregarded the instructions of the court in finding a verdict in their favor. This briefing is too inadequate to require consideration. But the issues were such that defendants had the burden of showing that the alleged acts were committed within the limits of a public highway, or with plaintiffs consent. We have examined the entire transcript, and are satisfied that the evidence justified the verdict. Whether the present road past plaintiffs' house is a public highway we are not called upon to consider. There is, as we have seen, no evidence that it was ever laid out as such. If it came into use in the manner the plaintiffs' evidence tends to show that it did, it would, at most, constitute a way by dedication, in which case the rights of the municipality would be confined to the territory actually dedicated. There was no evidence that the land whereon the alleged trespasses were committed had been dedicated.

*Judgment affirmed.*