FLEDA A. GRANT *v.* ERNEST E. GOODRICH & TR.

February Term, 1938.

Present: POWERS, C. J., SLACK, MOULTON, SHERBURNE and BUTTLES, JJ.

Opinion filed May 3, 1938.

*Stanley L. Chamberlin* for the plaintiff.

*Ernest E. Goodrich* for the claimants.

BUTTLES, J. This is an action in general assumpsit brought on August 25, 1936, before a justice of the peace in which the plaintiff had judgment against the principal defendant and against the trustees summoned therein, the claim being for rent of an office accruing between December 1, 1934, and April 10, 1935. Appeal was taken to Orange county court and at the June, 1937, term the action was amended into one of debt on a prior justice of the peace judgment secured against the defendant on April 11, 1935. Judgment was thereafter rendered at said term against the principal defendant, Ernest E. Goodrich, and a hearing was had on the motion of the defendant and his wife to discharge the trustees, which motion the court granted. The plaintiff brings the case to this Court on exceptions to the granting of this motion, and to the exclusion of certain testimony offered by the plaintiff during the hearing and excluded by the court.

The plaintiff complains that the court failed to file findings of fact developed at the hearing of this motion, although it does not appear that such findings were requested and no exception was taken to the failure to make and file findings. The nature and status of the motion to discharge the trustees are not altogether clear. The proceeding known as trustee process in our practice is purely statutory. A person summoned as trustee is required to appear before the court and make disclosure of the goods, chattels, rights or credits of the principal defendant which he may have in his possession. P. L. sec. 1775 provides that in lieu of such disclosure the person summoned as trustee may make a declaration setting forth such facts as he deems material and submit himself thereupon to a further examination on oath, and such declaration with the further examination, if any, shall be sworn to. The principal defendant may secure the discharge of the trustee by filing a bond as provided by P. L. secs. 1766 to 1770. But if the person summoned as trustee is not so discharged and makes no disclosure, he shall be adjudged a trustee and judgment may be rendered against him for the amount of damages and costs recovered by the plaintiff in the action. Sections 1771 and 1772. The statute does not provide for trying

the question of liability of the trustee to the principal defendant by motion to discharge the trustee.

The statute also outlines the procedure to be followed when it appears that the goods, effects or credits in the hands of a supposed trustee are claimed by another person. P. L. sec. 1803 provides that when such claimant appears he may be admitted as party to the action for the purpose of maintaining his title to the goods, effects and credits in question, and such title shall be tried and determined in the same manner as the liability of the trustee. The document before us which is entitled "Motion to Discharge Trustees," purporting to be signed by Ernest E. Goodrich and Phyllis E. Goodrich, recites, among other things, that "the funds held by the trustees, Raymond LaBelle and Julia E. LaBelle are funds owned by Ernest E. Goodrich and Phyllis E. Goodrich by the estate of the entirety." It does not appear from the motion that Ernest E. Goodrich and Phyllis E. Goodrich are husband and wife, but this fact does appear from the transcript which is made a part of the bill of exceptions and is made controlling. The parties to the proceeding as well as the court appear to have treated this motion as, in effect, a claim to the fund in question by Goodrich and wife as property held by the entirety, and we so treat it.

Plaintiff's complaint that findings of fact were not made and filed by the court below cannot avail her here. No request for findings or exception to the failure of the court to file same is shown. Furthermore the hearing of this so-called motion by the court was not the trial of "a question of fact that entitles either party to trial thereof by jury" within the provisions of P. L. sec. 2069. It is said in *Eastern States, etc., League* v. *Estate of Vail,* 97 Vt. 495, 513, 124 Atl. 568, 575, 38 A. L. R. 845, referring to the limitation of review in the appellate court to facts reduced to writing and filed by the court below: "But the restriction is limited to cases in which a party is entitled to a trial by jury. Entitled signifies a claim of right—the right to demand or receive. Webster's New Int. Dictionary; *People's Trust Co.* v. *Smith,* 30 N. Y. S. 342." The most that could be claimed for the proceeding in the trial court in this case would be that if P. L. 1777 applies, by reason of the provisions of section 1803 to the effect that the title of a claimant shall be tried and determined in the same manner as liability of

the trustee, then questions of fact arising might, in the discretion of the court, be submitted to a jury in such manner as the court might direct. Obviously this provision falls considerably short of providing that either party shall be entitled to a jury trial, and for that reason does not make the filing of findings of fact obligatory.

The property here in question was a certain real estate mortgage executed by the LaBelles on April 10, 1933, to secure payment of a promissory note for the sum of $300, which mortgage is shown by a certified copy of the record thereof to have been assigned by the mortgagees, Howard H. and Alice E. Dingler, to the claimants, Ernest E. Goodrich and Phyllis E. Goodrich, on January 18, 1935, and duly recorded on January 22, 1935. The plaintiff offered to show that prior to the time that this assignment was recorded the mortgage was held by one Howard Holden, who was indebted to Ernest E. Goodrich for legal services previously rendered by Goodrich to Holden; that the assignment had previously been executed by the mortgagees with the names of the assignees omitted; that the mortgage thus assigned in blank had been transferred to Goodrich in payment of Holden's indebtedness to him and that thereafter, at some time prior to record, the names of Mr. and Mrs. Goodrich were inserted as assignees of the mortgage. The court excluded the evidence so offered as immaterial.

As above stated, the suit was brought for rent accruing between December 1, 1934, and April 10, 1935. The terms of the defendant's lease do not appear and there is no showing that on January 22, 1935 any portion of this rent was overdue and unpaid. Neither is there any evidence or any offer of evidence tending to show that on that date the defendant was owing other debts, or that there was any intent, actual or constructive, to defraud creditors by the assignment of this mortgage to Goodrich and wife. Under these circumstances the husband had the right to make a gift of any of his property to his wife to any amount except against his then existing creditors. *Fisher* v. *Williams,* 56 Vt. 586; *Fletcher* v. *Wakefield,* 75 Vt. 257, 261, 54 Atl. 1012; *Walston* v. *Allen,* 82 Vt. 549, 551, 74 Atl. 225. It follows that title to this mortgage taken in the joint names of husband and wife would be good in the absence of evidence regarding creditors of the husband regardless of whether the con-

sideration was furnished by the husband alone or by husband and wife jointly.

Plaintiff has briefed an objection to the exclusion of the offered evidence on the ground that such offered evidence would have shown that the unity of time, title, interest and possession necessary to create an estate by entireties were lacking, this being on the theory, apparently, that ownership of the mortgage passed to Goodrich alone by the delivery to him of the assignment by Holden and that an attempt subsequently to pass title directly from himself to himself and wife would violate the necessary unities. We think, however, that the plaintiff's attorney failed to make it clear to the trial court that he was making this claim. In connection with the attempted further cross-examination of Goodrich plaintiff offered to show "that at the time this mortgage was delivered to Mr. Goodrich it was endorsed in blank, and the consideration for the assignment of this mortgage was payment of legal services rendered by Mr. Goodrich to Mr. Holden. At that time Mr. Holden was the holder of this mortgage and it was assigned in blank at that time, as showing that the consideration for this assignment was for legal services performed by Mr. Goodrich alone, and it was his property." The last clause may mean no more than that it must necessarily have been the property of Goodrich because he alone furnished the consideration, a claim which the plaintiff's attorney appears to stress in other statements made in connection with his offers. He later stated that whatever endorsement was filled in later on by Mr. Goodrich had no bearing upon the ownership of this property, but he did not state why he claimed this to be so. Subsequently plaintiff's attorney offered to show by another witness whom he proposed to call the same facts which he offered to show by cross-examination of Goodrich and added: "This is for the purpose of showing that the indebtedness described in defendant's A (the mortgage and assignment) was in fact the sole property of Ernest E. Goodrich, this defendant, and that it was not then and has not been shown since that date to be the joint property of Mr. and Mrs. Goodrich." Here again the offer does not necessarily mean anything more than a claim that the title to the mortgage could not vest in Goodrich and wife because Goodrich alone furnished the consideration. Moreover plaintiff's attorney, during the discus-

sion relative to these offers, made this statement: "We don't dispute, if the Court please, the fact he may have had a right to insert his and his wife's name in the mortgage after it was delivered to him, it was delivered to him in blank so that there is no reason so far as we know that he didn't have a right to insert his and his wife's name in the mortgage, but we say that the consideration for the passing up this mortgage from Mr. Holden to Mr. Goodrich was legal services performed by Mr. Goodrich personally, and that that consideration was Mr. Goodrich's personal debt and not the joint debt of him and his wife.''

We have repeatedly held that it is incumbent upon the excepting party to cause it to appear that the exception was sufficiently explicit to apprise the trial court of the real point of it. *Cummings* v. *Conn. Gen'l Life Ins. Co.,* 101 Vt. 73, 82, 142 Atl. 82; *Kimball* v. *New York Life Ins. Co.,* 98 Vt. 192, 207, 126 Atl. 553; *Woodhouse* v. *Woodhouse,* 99 Vt. 91, 148, 130 Atl. 758; *Higgins* v. *Metzger,* 101 Vt. 285, 296, 143 Atl. 394; *Davis, Admr.* v. *Raymond,* 103 Vt. 195, 200, 152 Atl. 806. There was no error either in the exclusion of the offered evidence or in granting the defendant's motion.

*Judgment affirmed.*