Clapp *v.* Foster.

WILLIAM CLAPP, *Appellee, v,* JACOB FOSTER, *Appellant.*

*Auditor. Relationship. Practice.*

One is disqualified to sit as an Auditor in the trial of an action of book account, whose wife is first cousin to the wife of one of the parties.

Though the county court might in their discretion refuse to allow a party to make such an objection to an auditor after he had rendered his report, still it would not be error for such court to sustain that objection, even if made for the first time at so late a period of the case.

Evidence that the defendant offered to settle the plaintiff's claim if the latter would consent to a continuance of the cause for a certain period, is admissible as tending to establish his liability.

BOOK ACCOUNT. The cause was entered in the county court at the June term, 1857, in Franklin County. At that term the attorneys for the parties consented to the appointment of B. H. Smalley as auditor, knowing at the time that Mr. Smalley's wife was first cousin of the defendant's wife, but the fact of such relationship did not at that time occur to the plaintiff's attorney. Mr. Smalley was accordingly appointed auditor. The plaintiff shortly afterwards took out the rule in the cause and procured Mr. Smalley to appoint a time to audit the accounts of the parties, but the cause was not then heard, owing to the illness of the auditor. At the time the plaintiff procured Mr. Smalley to fix the time for the hearing, he had some conversation with him in

Clapp *v.* Foster.

regard to the relationship between the wives of the auditor and the defendant, and inquired of Mr. Smalley if that would disqualify him from acting as auditor. Mr. Smalley expressed no opinion upon this point, but referred the plaintiff to his counsel.

At the December term, 1857, the plaintiff's attorney moved the court to vacate the appoint of Mr. Smalley as auditor, and to appoint a Mr. Hall in his stead, assigning as a reason therefor only the fact that Mr. Smalley would be unable to attend to the trial of the cause on account of ill health. Mr. Smalley was accordingly removed by the court, and Mr. Hall appointed auditor. Subsequently during the same term, at the request of the defendant's counsel, who objected to Mr. Hall as auditor, and in the absence of the plaintiff's counsel, Mr. Hall was removed by the court, and Mr. Smalley re-appointed auditor. The plaintiff's attorney was not aware of this last change during the term.

Before the April term, 1858, the plaintiff again procured Mr. Smalley to fix a time for the hearing, and at the appointed time the parties appeared and the cause was tried by him. At the April term, 1858, Mr. Smalley's report as auditor was filed in court, by which it was found that there was nothing due from the defendant to the plain.iff.

At that term the plaintiff moved the court to set aside the report, and appoint another auditor, on account of the relationship above mentioned. The court, PIERPOINT, J., presiding, decided to set aside the report, and appointed another auditor, to which decision and appointment the defendant excepted.

On the hearing of the cause before the new auditor, he admitted as evidence to show that the plaintiff's account was originally just, testimony proving that since the commencement of the suit, and while it was pending before a justice of the peace, the defendant proposed to the plaintiff to have the suit continued for three weeks, and told the plaintiff that, if he would consent to such continuance, he, the defendant would settle the account in question, and have no more cost made about it. On account of the admission of such testimony the defendant excepted to the auditor's report, but the court at the September term, 1860, POLAND, J., presiding, overruled the exceptions, and rendered

judgment on the report for the plaintiff, to which the defendant excepted.

*S. S. Deavitt*, *W. C. Wilson*, and *James S. Burt*, for the defendant.

*J. Rand*, *H. R. Beardsley*, and *H. E. & L. H. Edson*, for the plaintiff.

POLAND, CH. J. The principal question which has been made by the defendant in this case, is the alleged error of the county court in setting aside the report made by Mr. Smalley, the first auditor, and sending the case out to be tried by another. For my own part, I should be entirely satisfied to treat this action of the court below as an exercise of the mere discretion of that tribunal, which cannot be made a ground of legal error, and so not properly revisable by this court. It would not, I think, be claimed by any one, that the county court might not remove an auditor and appoint another, when no legal disqualification existed to the first, on any reasonable supposition that he might not stand wholly indifferent between the parties ; and the sufficiency of the cause of removal could not be revised on exceptions. Nor does it seem to me that the power of the county court to remove an auditor is at all lessened, after he has made his report, from what it was before, or that their action in so doing is any the more ground of legal error, though this would generally materially affect the exercise of the discretion of the court on an application for such removal, especially if the cause was one known to the party when the auditor was appointed, or became known to him before the hearing before the auditor.

The setting aside an auditor's report, is, in principle and in effect, the same as setting aside a verdict; and ordinarily applications for the latter purpose are said to be addressed to the sound discretion of the court, and their action is conclusive; and so of all new trials granted on motion in the court where the cause is pending. I should not be prepared to say that the decision of any of this class of questions might not be made by the county court wholly upon a purely legal point, and wholly

disconnected with the exercise of discretion, excepting to adjudge the legal point presented, and when so certified to us by that court, might not be revised here, and the decision reversed, if such legal question was wrongly decided. But the present case in my judgment does not show this state of things. The plaintiff moved the court to set aside Mr. Smalley's report, and appoint another auditor, on account of the relationship between Mr. Smalley and the defendant, and the court sustained the motion, but whether this was done upon the ground that such relationship legally disqualified Mr. Smalley, or whether it was upon the ground that such relationship had or might have biased his judgment and made it too favorable to the defendant, does not appear; and therefore no legal error appears; as the party alleging error in the proceedings of the court below, must always affirmatively show that error has been committed, to sustain his exceptions.

It is considered, however, by some members of the court, that the exceptions should be construed, that the county court set aside the first report, and removed the auditor, purely upon the allegal ground that the relationship between him and the defendant disqualified him to act as auditor in the case, and that the question is therefore properly before this court on the exceptions, and we have therefore considered the case in this view.

Our statute provides that no judge, or justice of the peace, shall sit in the trial of any cause where he is related to either of the parties, within the fourth degree, by consanguinity or affinity.

In *Churchill* v. *Churchill*, 12 Vt. 661, it was decided that the same rule of disqualification extended to jurors, though not named in the statute, and it is conceded by counsel on both sides that the same rule should apply to auditors.

The wives of the auditor and the defendant were first cousins, and were therefore related by consanguinity, in the fourth degree. It is conceded that the effect of the marriages was to create a relationship between the auditor and the defendant's wife, and between the defendant and the auditor's wife, in the same degree by affinity, and that neither would be legally competent to try a cause where the wife of the other was a party.

But the defendant claims that though by these marriages the

auditor became by affinity a cousin to the defendant's wife, and the defendant a cousin to the auditor's wife, yet that no relationship whatever existed between the two men ; that by marriage the husband becomes related to the blood connexions of his wife by affinity, in the same degree she is by blood ; but that he does not thereby become related at all to those related to her by affinity merely.

The principle thus announced by the defendant's counsel, is found laid down in several early writers, and is quoted in some more modern ones, among which is Stephens' Commentaries, vol. 2, p. 285, cited by the defendant.

So far as I have been able to examine any of the old books where this is laid down, it has always been in treating of the laws of marriage, and within what degrees marriage may be lawfully contracted, and what marriages are unlawful and incestuous ; a branch of the law originally established mainly by ecclesiastical rules and tribunals, and founded upon a policy quite different from one intended merely to secure an honest and impartial administration of the law in mere temporal tribunals. The object of the legislature in making this exclusion is entirely apparent ; that persons so closely related to litigants, either by blood or marriage, as naturally to influence them in their favor, and cause them to desire their success, could not safely be trusted to judge between them and others, toward whom they were wholly indifferent. In a strict technical sense it may be correct to say, that by marriage a man becomes related by affinity only to the blood relations of his wife, but we are of opinion that the legislature in using this language, used it in the more popular sense, and intended to include not only such as would come within the strict rule, but such as by the common language and understanding of the people, fall within these degrees by marriage. The doctrine of the defendant fully carried out would lead to most mischievous results, and such as would bring disgrace and reproach upon our legal tribunals. Two men, whose wives are sisters, or one the daughter of the other, do not thereby become at all related by affinity, and either may legally act as a judge, juror, or auditor, in a cause where the other is a party. These, not only absurd, but scandalous results of adopting any

such rule, are satisfactory to us, that the legislature never contemplated its limitation to the narrow line claimed for it.

The view we have taken of this subject is fully sustained by a satisfactory opinion of Chancellor WALWORTH, in *Paddock* v. *Wells*, 2 Barb. Ch. R. 331. In that case the exclusion was carried so far as to include a case like the present, where one of the marriages had been dissolved by death, but leaving issue of the marriage surviving.

The defendant also claims that if Mr. Smalley was disqualified by law to act as auditor in the case, the plaintiff had waived the objection by consenting to his appointment in the first place, and that it was too late to make it, or renew it, after the auditor had made his report. The fact that the plaintiff once applied and procured the court to remove Mr. Smalley as auditor, would seem to be a pretty satisfactory answer to the objection that he consented to his appointment originally, and after he was reinstated on defendant's application, it does not appear that the plaintiff had any opportunity to object in court until the report was filed.

But however this may have been, the decision of the county court as to the time when they would allow the question to be raised by the plaintiff, must rest in their discretion, and though they might have refused to allow it to be made at so late a day, still, if they did allow it then, and it was a legal objection, we cannot say there was error in law.

The evidence which the defendant objected to, of his offer to settle the debt if plaintiff would consent to a continuance of the cause for three weeks, was clearly admissible, as tending to establish his liability.

The judgment is affirmed.