### F. A. SCOTT *v.* GEORGE BAILEY.

October Term, 1900.

Present: TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed February 9, 1901.

*Evidence—Unconnected facts*—That it has been a customer's practice to pay a certain grocer's bill to the grocer personally and not to his clerk, does not tend to show that on a particular occasion the customer did not pay one of such bills to the grocer's clerk.

*A party's book is evidence only of what it affirmatively shows—Plaintiff may not show non-payment by absence of credit*—The question being whether a certain account had been paid by the defendant to the plaintiff, the plaintiff's book with no entry of payment thereon was not admissible as evidence of non-payment. One's book is admissible in his favor only as evidence in regard to what it affirmatively shows.

*Letter-book copies as evidence confirmatory of testimony that the originals had been sent, their receipt by the person addressed being denied*—Upon the question whether payment had been made for a barrel of flour, the defendant testified that he had received no bill of the flour since the date of the claimed payment, and the plaintiff testified that since that date he had sent the defendant two such bills. In connection with this testimony of the plaintiff it was proper for him to introduce letter-book copies of the original bills which he claimed to have so sent.

GENERAL ASSUMPSIT.   Plea of payment.   Trial by jury, Caledonia County, June Term, 1900, *Taft,* J., presiding.   Verdict and judgment for the plaintiff.   The defendant excepted.

*H. A. Farnham* and *Porter & Thompson* for the plaintiff.
*Harland B. Howe* for the defendant.

WATSON, J. The plaintiff is engaged in the wholesale
and retail grocery business in the village of St. Johnsbury.
The defendant is a farmer in the town of Danville. On April
24, 1897, the plaintiff sold and delivered to the defendant a
barrel of flour for the price of six dollars, which sum and inter-
est, the plaintiff here seeks to recover. The defendant admitted
the purchasing of the flour, but claimed he paid for it during
the last of June or the first of July following its purchase,
which payment the plaintiff denied.

The defendant testified that he went to the plaintiff's store
during the latter part of June or the first of July, 1897, at about
six or seven o'clock in the afternoon to pay for the flour; that
just as he was entering the store, he met the plaintiff's book-
keeper going out of the store; that he inquired of her if the
plaintiff was in the store and was informed that he was away;
that he then told her he had come to pay for the flour in ques-
tion, and was directed by her to pay the clerks in the store;
and that he then entered and found two clerks who were just
closing the store for the day, and paid one of them six dollars
for the flour, and requested him to cross the charge off the
plaintiff's books, which the clerk said he would do or have the
plaintiff, on his return, send the defendant a receipt.

In cross-examination of the defendant, the plaintiff was
allowed, subject to exception, to show that a charge of the bar-
rel of flour in question was made to the defendant on the date
of the sale; that in making payments to and settlements with
the plaintiff before the time in question, the defendant had
always been very particular to make them with and to the
plaintiff in person; that several times he had waited in the
store a long time for the plaintiff to return in order that he

might make his settlement with and payment to him, in preference to any of the clerks.

The fact that the defendant was in the habit of calling for the plaintiff to make settlements with and payments to him is not evidence tending to show that on the occasion in question the payment was not made to some other person,—that it was not made, in fact, as the defendant's evidence tended to show; —because as was said in *Phelps* v. *Conant*, 30 Vt. 277, in order to have one fact prove another, there must be a necessary and probable connection between the two. No connection can be said to exist between separate and independent payments made at different times of different bills. In *State* v. *Wilkins*, 66 Vt. 1, it was held that the fact that a person had the habit of doing a particular thing, at a particular time, had no tendency to show that he did not do some other thing at another time; and in *Clark, Admr.* v. *Smith & Hayes, Receivers*, 72 Vt. 138, it was held that how a train was managed at other stations had no tendency to show how it was managed at the station in question. The admission of this evidence was error.

Subject to the defendant's exception, the plaintiff's account books were admitted in evidence to show that no credit appeared upon them of a payment for the flour in question. This was admitting the books to prove a negative which is not permissible; for such books are not evidence of a negative character to rebut a presumption, but are evidence only in regard to proper matters of book account which positively appear upon them as a debt or credit. *Mattocks* v. *Lyman*, 18 Vt. 98.

The defendant denied having received any bill of the flour after the day on which he claimed to have made the payment, and subject to his exception, the plaintiff was allowed to introduce, in connection with his own testimony, certain pages of his letter copy book as evidence to show that he sent the defend-

ant two bills of the flour after the date named. In this there was no error. By the plaintiff's testimony, the originals, of which these pages were copies, had been sent to the defendant, therefore the plaintiff could not produce them. If anyone could produce them, it was the defendant, and he denied having them. The letter book copies were the next best evidence, and they were properly received in connection with the plaintiff's testimony as confirmatory evidence.

The defendant made certain requests to charge, and excepted to the non-compliance therewith; but as the case will be reversed upon other questions, the requests are not considered.

*Judgment reversed. Cause remanded.*