## George Magoon *v.* Lewis Before.

October Term, 1900.

Present: Taft, C. J., Tyler, Munson, and Stafford, JJ.

Opinion filed May 9, 1901.

*Expert evidence as to matters within the range of common knowledge excluded*—In the construction of a building the staging used was supported upon brackets held in place by nuts screwed upon bolts extending from the brackets through the wall of the building. Whether one who had hold of a bracket could tell that a nut which was being unscrewed upon the inside of the wall was connected with the bracket which he had hold of or with some other, was not a question for expert testimony.

*Charge as to contributory negligence—Questions not raised by a general exception*—In a negligence case the court charged that if the plaintiff was guilty of negligence which contributed to the accident he could not recover. A general exception to this by the defendand did not present the claim that the charge should have been more full and specific, nor the claim that, upon the defendant's evidence, the plaintiff was guilty of contributory negligence as matter of law.

Case for negligence with a count in trespass for the same cause of action. Plea, the general issue. Trial by jury, Orleans County, March Term, 1900, *Watson*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

*J. W. Redmond* for the plaintiff.

*Cook & Williams* for the defendant.

Stafford, J. The plaintiff, a carpenter, was at work for the defendant, also a carpenter, upon a house which the latter was building for another. There was a staging around the house, resting upon brackets, each bracket being held to the wall by a bolt made fast on the inner side by a nut. The plaintiff and the defendant were engaged in lowering the stag-

ing, the plaintiff upon the outside, the defendant upon the inside. The plaintiff, standing upon one bracket, which had just been lowered, and taking hold of an upper bracket, called to the defendant to unscrew the nut; whereupon the defendant, instead of unscrewing the nut securing the upper bracket, unscrewed the one securing the bracket upon which the plaintiff was standing—the very nut he had himself a moment before, screwed on—thereby causing the plaintiff's fall and injury. Such was the plaintiff's evidence.

The defendant's evidence was, that the plaintiff was not to lower, but to take away, the staging, and that, hearing the plaintiff call he took off the nut at the place from which the voice seemed to come; so that he insisted that he was not to blame. On the contrary he insisted that the plaintiff was guilty of contributory negligence in that he did not "see, feel and understand which nut was being taken off."

The defendant, having testified in his own behalf that he had been a carpenter for some years and had occasion to work where such brackets were being used, was asked by his counsel, whether a man standing upon one bracket and having his hands upon another could tell from which one the nut was being unscrewed on the inside of the wall.

The court excluded the question, remarking that, although the witness had had experience in the use of brackets, he could not tell better than the jury. So far no exception was taken. Being further asked by his counsel, the defendant testified at first that he had never had occasion to be upon the outside of a building, either standing upon or holding brackets, while they were being unscrewed from the inside; but afterwards said that he had stood upon a ladder and held a bracket while this was being done. His counsel then offered to show by him, "from his knowledge and experience in that line, that a man could tell whether the nut was being unscrewed

from the bracket in his hand or from somewhere else." The offer was excluded, and the defendant excepted.

In this there was no error. The subject was not one for expert evidence, but belonged, rather, to the range of common knowledge, judgment and observation, where the jury are supposed to be at home. *Brown* v. *Doubleday,* 61 Vt. 423.

The defendant took a general exception to the charge upon the subject of contributory negligence. He now says, the court should have held that upon the defendant's evidence the plaintiff was guilty of contributory negligence as matter of law; but that question was not raised below and is not saved by the exception.

The charge upon this subject was simply, that if the plaintiff was guilty of negligence which contributed to the accident, he could not recover. It is now urged that the rule should have been laid down in greater fulness and with specific reference to the facts of the case; but such a claim cannot be heard here under a general exception, no suggestion having been made in the trial court that a fuller statement was desired. *Rowell* v. *Fuller,* 59 Vt. 688.

*Judgment affirmed.*