DORR M. THAYER *v.* WALTER B. GLYNN.

February Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, and MILES, JJ.

Opinion filed May 6, 1919.

*Trial—Motion to Strike Out Evidence—Discretion of Court—*
*Negligence—Evidence—Offer to Pay—Nervous Condition—*
*Photographs—Experiments—Exception Limited to Objec-*
*tion—Similar Facts—Materiality—Harmless Error—In-*
*structions—Penal Statutes—Presumption of Innocence in*
*Civil Case—Repeal—G. L. 37.*

A motion to strike out evidence which came in without objection and
without any attempt to stop the witness was addressed to the
court's discretion, and, the contrary not appearing, it will be pre-
sumed that its ruling on the motion was made as matter of dis-
cretion.

In an action for damages arising out of a collision between an auto-
mobile and a wagon, the voluntary statement of the defendant to
the plaintiff at the time of the accident that he would settle the
damages, was admissible as an indirect admission of liability.

Plaintiff's testimony that since the accident he was nervous and did
not like to drive in the nighttime was admissible on the ques-
tion of damages; it being his way of describing the nervous con-
dition in which the accident left him.

A photograph of the scene of the accident showing a team and auto-
mobile located as plaintiff's evidence tended to show the team and
automobile were at the time of the accident, was not rendered in-
admissible because the team and automobile shown were not the
ones involved in the accident.

Experiments, whether made in or out of court, are, in the court's dis-
cretion, and subject to some administrative requirements, ad-
missible in evidence.

When an objection is specific and limited, the exception will not be
enlarged beyond its terms.

Testimony of the defendant on cross-examination that by the use of
the emergency brake he could stop a similar car of the same make
formerly owned by him in about twice its length when going

twenty miles an hour, was immaterial but harmless, he having expressly stated that he had never tested or used the emergency brake on the car in question.

It was error to refuse to comply with defendant's request to charge that the law presumed that he seasonably turned his car to the right of the center of the traveled part of the highway so as to pass the plaintiff without interference, and that this presumption was evidence in his favor and stood with him until overcome by evidence, in view of Acts of 1910, No. 141 (G. L. 4705), providing a penalty for failure to so turn to the right.

If the law making the alleged conduct of the defendant criminal at the time of the accident was repealed by Acts of 1917, No. 136, the benefit of the presumption of innocence was saved to him by G. L. 37.

ACTION OF TORT for negligence. Plea, the general issue. Trial by jury at the April Term, 1918, Windham County, *Fish,* J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*Ryder & Graham* for the defendant.

Compromises are favored in the law; and statements of this nature are privileged, and inadmissible in evidence on grounds of public policy. *Sias* v. *Consolidated Lighting Co.,* 73 Vt. 35; *Doon* v. *Raven,* 49 Vt. 294; *Chickering* v. *Brooks,* 61 Vt. 554; *Moore* v. *Hill,* 62 Vt. 424; *Kalus* v. *Bass,* 122 Md. 467, Am. & Eng. Ann. Cas. 1918 E, note at p. 439.

*Thomas E. O'Brien* for the plaintiff.

POWERS, J. This is an action wherein the plaintiff seeks to recover damages to his person and property resulting from the negligent operation of the defendant's automobile. While the evidence was sharply conflicting, that favoring the plaintiff tended to show that the collision between the plaintiff's team and the defendant's automobile was due to the negligence of the latter in driving on the wrong side of the road, as alleged in the declaration. The accident occurred on the evening of October 29, 1916, at a point in the highway between Bellows Falls and Saxtons River called the Rhodes Curve, and resulted in the

death of the plaintiff's horse and injuries to his person and property. Verdict and judgment below were against the defendant, and he brings the case here on the transcript as a bill of exceptions.

1. There was no error in the refusal of the court to strike out that part of the conversation which took place between the plaintiff and defendant at the time of the accident, which included a statement by the latter that he would settle the damages. So far as the plaintiff's testimony to this effect is concerned, it is enough to say that the evidence came in without objection and without any attempt to stop the witness. In these circumstances, the motion to strike out was addressed to the court's discretion; and, the contrary not appearing, it will here be taken that the ruling was made as a matter of discretion. *Slack* v. *Bragg,* 83 Vt. 404, 76 Atl. 148.

But, when the witness Willard testified as above, objection was made and an exception saved. The objection was based upon the claim that the defendant's statement was an offer of compromise, an overture of pacification, and therefore was privileged and inadmissible. But this could not be so for the simple reason that it was not a part of any treaty for compromise or settlement; no such treaty was then pending of which it could be a part. It was an independent and voluntary offer to pay, and an indirect admission of liability. As such, it was admissible. *Clapp* v. *Foster,* 34 Vt. 580; *Moore* v. *Hill,* 62 Vt. 424, 19 Atl. 997; *Bassett* v. *Shares,* 63 Conn. 39, 27 Atl. 421; *Teasley* v. *Bradley,* 110 Ga. 497, 35 S. E. 782, 78 Am. St. Rep. 113; *Alexander* v. *Smith,* 180 Ala. 541, 61 So. 68; *Langdon* v. *Ahrends,* 166 Ia. 636, 147 N. W. 940.

2. Nor was there error in refusing to strike out the plaintiff's statement that since the accident he was nervous and didn't like to drive in the nighttime. This was nothing more than his way of describing the nervous condition in which the accident left him, and was clearly admissible on the question of damages. *Rea* v. *Harrington,* 58 Vt. 181, 2 Atl. 475, 56 Am. Rep. 561.

3. The plaintiff offered in evidence a photograph of the scene of the accident in which was shown a horse and wagon headed toward Bellows Falls and an automobile headed in the opposite direction. These objects had been placed by some one acting in the plaintiff's interest, and it was claimed that they were located just as the plaintiff's evidence tended to show the

team and automobile were at the time of the collision. The photograph was objected to on the ground that the team and automobile were not the ones involved in the accident and because the photograph amounted to nothing more than an experiment. No other objection was specified, and, when the photograph was admitted, the exception was limited to the ground stated. An experiment is not necessarily to be excluded. Whether made in or out of court, it may, in the discretion of the court, and subject to some administrative requirements, be admitted. *Walker* v. *Westfield,* 39 Vt. 246; *Ide* v. *Boston & Maine Railroad,* 83 Vt. 66, 74 Atl. 401, 3 Chamb. Ev. §§ 1739, 3172; *Chicago, etc., R. Co.* v. *Champion,* 9 Ind. App. 510, 36 N. E. 221, 37 N. E. 21, 53 Am. St. Rep. 357, and note. See also, *Foote* v. *Woodworth,* 66 Vt. 216, 28 Atl. 1034, and *State* v. *Bean,* 77 Vt. 384, 60 Atl. 807. The fact that the material objects used in the experiment were not the identical ones involved in the accident does not affect the question of admissibility. It is enough if, as here, they were sufficiently similar to make the conditions essentially the same. *Burg* v. *Chicago, etc., R. Co.,* 90 Ia. 106, 57 N. W. 680, 48 Am. St. Rep. 419; *Chicago, etc., R. Co.* v. *Champion,* (Ind.) 32 N. E. 874, 23 L. R. A. 861; *Hauser* v. *People,* 210 Ill. 253, 71 N. E. 416. The objection being specific and limited, the exception will not be enlarged beyond its terms. *Graves* v. *Waitsfield,* 81 Vt. 84, 69 Atl. 137. Therefore the question discussed under this exception is not before us.

4. Subject to exception, the plaintiff was allowed to show by cross-examination of the defendant that by use of the emergency brake he could stop a similar car of the same make formerly owned by him in about twice its length when going twenty miles an hour. The defendant expressly stated that he had never tested or used the emergency brake on the car here in question, so he could not have made use of it on the occasion of the accident. So it is not apparent that this evidence had any bearing on any question in the case; but no prejudice is shown, and the error, if any, was harmless.

5. The defendant requested the court to charge the jury that the law presumed that the defendant seasonably turned his car to the right of the center of the traveled part of the highway so as to pass the plaintiff without interference, and that this presumption was evidence in his favor, and stood with him

until overcome by evidence. This request was not complied with, and the defendant excepted.

At the time of this accident, the statute required an automobile driver, who met a team on the highway, to turn his machine to the right of the center of the traveled track so as to pass without interference, whenever such action would be safe and practicable; and it provided a penalty by way of fine for a failure to observe this requirement. No. 141, Acts of 1910. The request merely called for an instruction that the law presumed that the defendant was not guilty of the criminal offence involved in a disobedience of this statutory mandate. The request, then, was sound in law, was applicable to the case made by the evidence, and the failure to comply with it was prejudicial error. *Bradish* v. *Bliss,* 35 Vt. 328; *Currier* v. *Richardson,* 63 Vt. 620, 22 Atl. 625; *Childs* v. *Merrill,* 66 Vt. 308, 29 Atl. 532; *McKinstry* v. *Collins,* 76 Vt. 221, 56 Atl. 985.

The plaintiff insists that the defendant was not entitled to the requested instruction, because (he says) No. 141, Acts of 1910, was impliedly repealed by No. 136, Acts of 1917, and thereby all rights, responsibilities and benefits, whether direct or indirect, were wiped out. Assuming that the act was thus repealed, the result contended for did not follow. However it might otherwise have been, G. L. 37 saves to the defendant the presumption in question; for it is therein provided that the repeal of an act shall not affect an act done, a right accruing, accrued, acquired, or established, while the act was in force. The conduct charged against the defendant, being criminal at the time, gave rise to a presumption of innocence available to him in any civil action predicated thereon; and this presumption survived the repeal of the act by force of the statute referred to, if not otherwise.

*Reversed and remanded.*