T. H. LELAND *v.* D. R. LEONARD.

November Term, 1920.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 8, 1921.

*Evidence—Photographs and Photographic Enlargements of Disputed Documents—Photographic Defects as Affecting Admissibility—Admissibility Rests in Court's Discretion.*

1. Photographs and photographic enlargements of questioned signatures and documents are admissible in evidence if properly verified.

2. All that is required to make them admissible is that it be made to appear by some competent person that they are sufficiently accurate to be of aid to the trier in ascertaining the truth.

3. Defects resulting from overexposure, overprinting, and the like, which can be pointed out and explained so that a proper estimate of their value as evidence can be made, do not render such photographs and enlargements inadmissible.

4. The admissibility of photographs rests largely in the discretion of the trial court, and its rulings thereon are not ordinarily reviewable, where the record does not show an abuse of discretion.

ACTION OF CONTRACT. Pleas, the general issue and payment. Trial by Court at the September Term, 1918, Washington County, *Stanton,* J., presiding. Judgment for the plaintiff. The defendant excepted. The opinion states the case.

*H. C. Shurtleff* for the defendant.

*Theriault & Hunt* for the plaintiff.

POWERS, J. [1-3] The only exception relied upon is to the admission of a group of photographs and photographic enlargements of certain disputed signatures. The defendant produced two receipted bills, which purported to bear the plaintiff's signatures. The latter denied these signatures and insisted that they were forgeries. The court, by whom the case was tried below, so found, relying in part, at least, upon the photographs and enlargements. The only objection to their admission was based upon the facts brought out in the cross-examination of the photographer that they showed certain things not on the originals, and that they were blurred, light-struck, overdeveloped, and spotted. That these conditions were, technically, photographic defects sufficiently appeared. But the only important things about them or the originals were the plaintiff's signatures, and it also appeared that the conditions referred to, so far as they were of sufficient consequence to merit consideration, resulted from a purpose and desire to bring out more clearly the particulars and peculiarities of the questioned signatures. There is nothing to indicate that this purpose failed, or that any of the defects specified so affected the evidentiary value of the exhibits, so far as the signatures were concerned, as to make them inadmissible. The value of photographs and photographic enlargements of questioned signatures and documents is everywhere recognized.

It is attested by this Court in *Rowell* v. *Fuller's Estate,* 59 Vt. 688, 10 Atl. 853. They must be properly verified, to be sure, which means that their accuracy must be vouched for by some competent person; but all that is required to make them admissible is that it shall be made to appear that they are sufficiently accurate to be of aid to the trier in ascertaining the truth. *Hassam* v. *Safford Lumber Co.,* 82 Vt. 444, 74 Atl. 197. There was nothing in the so-called defects in those here in question that could not be pointed out and explained so as to enable the court to make a proper estimate of their value as evidence. The results of overexposure, overprinting, and the like leave them to stand much like photographs showing conditions different from those existing at the time in question (*Aldrich* v. *Boston & Maine Railroad,* 91 Vt. 379, 100 Atl. 765), or objects other than those involved in the controversy (*Thayer* v. *Glynn,* 93 Vt. 257, 106 Atl. 834); they were admissible in evidence and entitled to such weight as the court might ascribe to them.

[4] Moreover, the whole question of the admissibility of photographs is one lying largely in the discretion of the trial court, and the rulings thereon are not ordinarily reviewable. *Hassam* v. *Safford Lumber Co., supra; Goulette's Admr.* v. *Grand Trunk Ry. Co.,* 93 Vt. 266, 107 Atl. 118. The record does not show enough to take this case out of this general rule, for it cannot be said that abuse of discretion appears.

*Judgment affirmed.*