## H. M. FARNHAM & SONS, INC. *v.* J. A. WARK.

### May Term, 1926.

Present: POWERS, SLACK, BUTLER, and FISH, JJ., and MOULTON, Supr. J.

#### Opinion filed October 6, 1926.

*Evidence—Custom—Trial—Insufficiency of Offered Evidence—*
*Waiver of Error by Failure to Except—Motion to Set Aside*
*Verdict—Sales—Jury Question—View to Be Taken of Evi-*
*dence on Exceptions to Refusal to Set Aside Verdict—Neces-*
*sity of Proper Exceptions to Claimed Error.*

1. In action by seller to recover balance due on purchase price of automobile, where defendant denied having made the purchase, evidence offered by latter as to plaintiff's custom to have its customers sign contracts in writing in purchasing cars, *held* properly excluded, since it would not aid jury in determining whether this sale had been made.

2. Because a person does a thing once, or does it in a certain way, is no evidence that he does the same thing or does it in the same way on another occasion.

3. In action by seller to recover balance of purchase price of automobile, which defendant denied having purchased, evidence offered by latter to show price of new car of same type as defendant's old car, which plaintiff claimed defendant had traded in at a certain price to apply on new purchase, *held* properly excluded, when unaccompanied with any showing or offer to show how many miles defendant's car had been driven or what its condition was at time of transaction.

4. Defects in charge to jury, if any, *held* waived by failure to seasonably except thereto.

5. Motion to set aside verdict because "contrary to the undisputed evidence" is same in effect as motion on ground that there is no evidence to support verdict, and is reviewable in Supreme Court.

6. In action by seller to recover balance of purchase price of automobile, which defendant denied having purchased, *held* that on evidence question whether car had been sold was for the jury.

7. On review of exceptions to overruling of defendant's motion to

set aside verdict, evidence must be viewed in light most favorable to plaintiff, and action of trial court sustained, if evidence fairly and reasonably tends to support verdict.

8. Party claiming that charge of court in certain particulars constituted an abuse of discretion, *held* to have waived his rights, if he had any, by failing to raise question by an exception to the charge.

ACTION OF CONTRACT to recover part of purchase price of an automobile. Plea, general issue. Trial by jury at the September Term, 1925, Washington County, *Thompson, J.,* presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case. *Affirmed.*

*Marcell Conway* for the defendant.

*J. Ward Carver* and *T. Tracy Lawson* for the plaintiff.

FISH, J.   This is an action in assumpsit to recover a balance claimed to be due for an automobile known as a Hudson brougham. The judgment and verdict were for the plaintiff. The defendant takes exceptions to the admission of evidence and the refusal of the court to set aside the verdict.

The plaintiff corporation is a dealer in automobiles with its principal place of business at Montpelier and smaller salesrooms at Barre.   In August, 1925, the plaintiff's salesman, one Houston, called on the defendant at his home in Barre for the purpose of trying to make an exchange of the Hudson brougham for the latter's Hudson coach.   Houston had with him at the time a Hudson coach which he was using as a demonstrator.   There was some talk about an exchange of cars, and Houston testified that he told defendant that he thought he could place his car with a purchaser for $1,100; that he thought that was a good price and all defendant could expect to get for his car, whereupon defendant said that that was probably right although he wanted to get all he could for his car and would like to get more if he could and wouldn't want to let it go unless he got that.   Houston testified that he then said to defendant: "If you are perfectly willing I will take that car and go over and see what I can do, and I will leave my Hudson coach for you to use until such time as I can find out what I can do with your car." The proposi-

tion was to take the car to South Ryegate or Groton to find a customer.  Houston testified that defendant said in answer to his proposition: "That is satisfactory to me, you take the car and go along."  The instrument cases of the defendant were taken out of his car and placed in the Hudson car which Houston had driven to his place, and after some talk about defendant's car being supplied with gas, oil, and water, which needs were attended to in Barre, the car was driven by Houston to the places named, where he spent the afternoon in an effort to find a customer, returning to Barre late in the afternoon.  On his return from the trip Houston called up the plaintiff corporation and was given authority to take the defendant's car at $1,100.  He had not sold the car at the time, but had made such progress toward a sale of it that he called on the defendant, driving the Hudson brougham into defendant's yard, where he thinks he said to him that he guessed they could trade automobiles.  To this he testified defendant inquired, "How is that?" and he answered, "Well, I have found that I can get $1,100 out of your automobile—that is, I can get it by trading it off; we will have to trade for another car probably if we do business."  The defendant made no reply to this statement at the time, but Houston says he wanted to know the price of the brougham.  The new car had as extras a bumper, snubbers, spare tire, trunk, and windshield wiper.  Houston took out paper and pencil and figured that the car with all extras would cost $1,894.50.  On telling defendant this he says the latter said that he did not know that he would want all the extras but would want the snubbers because they made the car ride better; that he did not know as he would want the bumper because of the extra space it would take up in his barn.  Then Houston says he told defendant that if there was anything on the car that he didn't want he would take it off.  He says the defendant practically decided that the trunk would be a good thing to throw things into instead of leaving them around in the back end of the car.  Houston says that something was said on his part about writing a contract for the car to which he thinks defendant replied: "Never mind, but we will fix things up in the morning."  After a few more words of conversation Houston says he told defendant he could use his (the plaintiff's) Hudson coach until he brought the other car over, whereupon he says defendant remarked that he had a few personal belongings in his own car which he would like to

have Houston take out before he let it go; that in answer to an inquiry by defendant as to where the car was he was told it was at the garage to be checked over before being delivered to any one else; that defendant told him to be sure to get his personal belongings out of it before letting it go; that one of the articles in the car was a bathing suit which defendant said was under the rear cushion in the back end of the car; that he took from the car the things wanted by defendant and delivered them to him that night; that he told defendant they could trade for $1,100 and on his inquiry if that was the best Houston could do he told him it was.

The next forenoon Houston drove the Hudson brougham into defendant's yard, who, he says, on seeing him coming said, "I suppose you have brought this car over to deliver?" To which he says he replied, "Yes," and the defendant said, "Well, that is all right." Then followed some conversation about Houston going to Cabot that afternoon in the Hudson coach he had left defendant to use while he was seeking a customer for defendant's car. He says that defendant said that was all right; that defendant then opened the door of the Hudson coach and took out his instrument case and put it into the Hudson brougham and drove the brougham into his barn.

After the plaintiff had sold the defendant's car it learned that defendant had purchased a Chrysler car through a former agent of the plaintiff. This resulted in an interview between one of the officials of the plaintiff and the defendant during which defendant's attention was called to the statement he had made when the brougham was delivered. In answer to this the witness says that defendant said he made the statement but was joking; that the whole thing had been more or less a joke to him; that he hadn't been particular about trading automobiles only the salesman of plaintiff had got after him so hard he was going to; that Houston had told him his own car had been sold but he did not tell Houston it was all right; that he had since purchased a car of the Nye Motor Company which had a contract while the plaintiff did not.

The defendant denied much of the foregoing testimony and made the claim that Houston took his car to find out what price he could get for it; that he did not agree to let the car go for $1,100; that he learned that his car was left out of town by Houston and requested him to return it; and that the Hudson

brougham was left for his use until his own car was brought back and was not purchased by him. To sustain this claim defendant offered to show that it had been the custom of the plaintiff through its agents to take out defendant's coach to see what could be got for it and to leave in turn one of its own cars for defendant's use, as tending to show that the fact that Houston took defendant's car at the time he did would not be evidence that it 'was delivered for the purpose of sale, and that in the regular course of the plaintiff's business it was customary to take a man's car out to see what could be got for it in order to determine what should be allowed in exchange for a new car. To the exclusion of this offer the defendant saved an exception, and he likewise saved an exception to the exclusion of an offer to show that in the regular course of the plaintiff's business it was the custom for their customers in purchasing cars to sign contracts in writing.

Without considering whether the first exception would have merit if properly raised, it is enough to say that it does not appear from the record that defendant's car was taken in a manner other than was the claimed custom of the plaintiff. The case does not stand on what occurred at the time defendant's car was taken but rather on what followed.

[1, 2] As to the second exception, it is enough to say that the custom of the plaintiff of having customers sign contracts for cars in other sales would not aid the jury in determining whether this sale had been made. The rule has been frequently expressed in our cases that because a person does a thing once, or does it in a certain way, this is no evidence that he does the same thing or does it in the same way on another occasion. *Aiken* v. *Kennison*, 58 Vt. 665, 5 Atl. 757; *State* v. *Wilkins*, 66 Vt. 1, 28 Atl. 323; *Clark, Admr.* v. *Smith*, 72 Vt. 138, 47 Atl. 391; *Scott* v. *Bailey*, 73 Vt. 49, 50 Atl. 557; *Russ* v. *Good*, 90 Vt. 236, 97 Atl. 987; *Dionne* v. *American Express Co.*, 91 Vt. 521, 101 Atl. 209.

[3] The defendant also took an exception to the exclusion of his offer to show what a new Hudson coach was selling for at the time of the claimed sale, as bearing upon the reasonableness or unreasonableness of the claims of the respective parties. Since the offer was not accompanied with any showing or offer to show how many miles the defendant's car had been driven or what its condition was at the time of this transaction its rejection was not error.

[4, 5]   No-exception was taken to the charge, but after verdict and before judgment defendant filed a motion to set aside the verdict on the ground, among others, that the charge contained prejudicial error.   We take no time to examine this question, since the defendant waived such defects, if any there were, by failing seasonably to except thereto.   *Dailey* v. *Bond,* 94 Vt. 303, 111 Atl. 394; *In re Healy's Will,* 94 Vt. 128, 109 Atl. 19; *Murray* v. *Nelson,* 97 Vt. 101, 122 Atl. 519; *Magoon* v. *Before,* 73 Vt. 231, 50 Atl. 1070.   The only other ground of the motion briefed is that "the verdict was contrary to the undisputed evidence in that there was no complete contract for the sale of the automobile in question to the defendant."   This motion is the same in effect as a motion put upon the ground that there is no evidence to support the verdict, and therefore, the question is reviewable here.   See *French* v. *Wheldon,* 91 Vt. 64, 99 Atl. 232. But the exception is without merit, since, as we have seen, the evidence tended to support the contract in question.

[6, 7]   A reference to the plaintiff's testimony as outlined heretofore is enough to convince that there was a question for the jury on the evidence, and this must be viewed in the light most favorable to the plaintiff and the action of the trial court sustained if the evidence fairly and reasonably tends to support the verdict.

[8]   The defendant complained of the charge of the court as being an abuse of discretion in that he told the jury that the question in the case was whether the defendant accepted the car in question and in explaining to them that if he did so he would be bound to pay although there was no contract in writing, and in telling them that if the transaction took place as testified to by Mr. Houston then the court instructed them that there was a valid sale and the plaintiff was entitled to recover.   This point should have been made by an exception to the charge.   This was not done and the defendant's rights were lost, if any he had. See *MacDonald* v. *Orton* (99 Vt. 425, 134 Atl. 599), reported in this volume.

*Judgment affirmed.*