J. ARTHUR TURGEON *v.* NICHOLAS BAKER.

EDMUND R. TURGEON, BY HIS GUARDIAN *v.* NICHOLAS BAKER.

November Term, 1932.

Present: POWERS, C. J., SLACK, MOULTON, and THOMPSON, JJ.

Opinion filed January 4, 1933.

*Ernest W. Gibson, Jr.,* for the plaintiff.

*Carpenter & Clawson* for the defendant.

POWERS, C. J.   These actions, one by a father in his own behalf, and the other by him in behalf of his five-year-old son, grow out of an automobile accident which occurred in the streets of Brattleboro, wherein the boy was injured.   They were tried together in the court below, and a verdict for the defendant was returned.   The plaintiff is the excepting party.

The only exceptions relied upon in this Court are those saved to the exclusion of certain offers of evidence:   (1) The plaintiff offered to show that on the day of the accident, at the hospital to which the boy had been taken, the defendant said to the plaintiff that he didn't see the boy and that he would see that the bills were paid.   So much of this as related to seeing the boy was admitted; but so much as related to paying the bills was excluded.   (2) The plaintiff also offered to show that on the next day after the accident he went to the defendant and asked him what he was going to do about the matter, and the defendant replied that he wanted the boy to have the best of care, and he, the defendant, would pay for it.   This offer was admitted, and the plaintiff testified to the facts therein embodied.   (3) The plaintiff further offered to show that two weeks later, the plaintiff met the defendant, and the latter told him that his lawyers had forbidden him from seeing the boy or talking with the plaintiff, but that that would make no difference with him, the defendant, and that he told the plaintiff to see that the boy had the best of care, and he, the defendant, would pay for it.   This offer was excluded.   The entire statement embodied in the first offer was admissible.   It was an independent and voluntary offer to pay, and an implied admission of liability.   *Thayer* v. *Glynn,* 93 Vt. 257, 259, 106 Atl. 834. It is true that there is a well-defined distinction between implied admissions of this character, which are admissible, and offers of compromise, which are not admissible.   The court below had this in mind when the rulings were made.   It is also true that when this kind of evidence is offered, it is frequently the case

that a preliminary question of fact, as to which class the pending offer belongs, is for decision. That question of fact would be for the court, as all such preliminary questions are. But there is no evidence in this record in any way connecting the defendant's statements with any treaty of settlement or offer of compromise, so we cannot in aid of the ruling assume that the exclusion was based upon an implied finding by the court that the statements were a part of such a treaty and privileged. Such a finding would have been wholly unwarranted.

■ But this error does not require a reversal. Evidence to the same effect was received when the plaintiff was allowed to testify about the conversation he had with the defendant on the day after the accident. This cured the error or at least rendered it harmless. *Mears* v. *Daniels*, 84 Vt. 91, 96, 78 Atl. 737; *In re Bean's Will*, 85 Vt. 452, 455, 82 Atl. 734; *Arnold* v. *Somers*, 92 Vt. 512, 519, 105 Atl. 260; *Cummings* v. *Connecticut Gen. Life Ins. Co.*, 101 Vt. 73, 83, 142 Atl. 82; *Merrihew's Admr.* v. *Goodspeed*, 102 Vt. 206, 212, 147 Atl. 346, 66 A. L. R. 1109.

■ ■ The rejection of the third offer was without error. That part of it which referred to what the defendant's counsel had told him, was wholly irrelevant and inadmissible, and our rule is that, when a part of an entire offer is inadmissible, the whole may properly be excluded. *White's Admx.* v. *Central Vermont Ry. Co.*, 87 Vt. 330, 347, 89 Atl. 618; *Wilder* v. *Hinckley Fibre Co.*, 97 Vt. 45, 50, 122 Atl. 428; *Moncion* v. *Bertrand*, 98 Vt. 332, 340, 127 Atl. 371.

*Judgment affirmed.*