FRED HUTCHINSON, b. n. f. *v.* HERBERT KNOWLES.

January Term, 1936.

Present: SLACK, MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 5, 1936.

196

*Finn & Monti* for the plaintiff.

*Theriault & Hunt* for the defendant.

SLACK, J. The action is tort for personal injuries received in an automobile accident, and the case is here on plaintiff's exceptions. At the time of the accident, and for some days before, the parties together with several others were employed on a highway construction job hauling gravel in auto-trucks. At the place where the accident occurred the highway runs north and south, descends to the south, and is very winding. Defendant was going north with a load of gravel; plaintiff was traveling in the opposite direction with an empty truck. Plaintiff testified that when he first saw defendant they were 65 to 75 feet apart; that his truck was then traveling 15 to 20 miles an hour and that he "was braking it a little bit for the corner;" that on account of the curve in the highway he did not discover that defendant's truck was on his (plaintiff's) side of the highway until he got within 45 to 50 feet of it, when he applied his brakes as hard as he could but was unable to stop before reaching it; that he turned as far to the right as possible but that the hub cap of his left front wheel hit defendant's left rear wheel and disabled his car so that he could not control it and it went over the bank on his left about 60 feet south of the point of collision.

■ Plaintiff offered to show by his own testimony that in October following the accident, defendant said to him: "You won't have to worry about your injuries, because my insurance company said they would settle for them," as tending to show an implied, if not an actual, admission of liability. The evidence was excluded both as matter of law and matter of discre-

tion, and an adequate exception was saved to each ruling. In the circumstances the exception to the exclusion of the evidence as a matter of law must be considered. While the fact that an insurance company is defending a case must not be needlessly brought to the attention of the jury, *Ryan* v. *Barrett*, 105 Vt. 21, 162 Atl. 793, and cases cited, if the offered evidence tends to show a direct or an implied admission by *defendant* of liability, it is admissible although it discloses the fact that he was insured. In other words, where the answer disclosing insurance is inextricably coupled with an acknowledgment of responsibility, the answer is admissible. Plaintiff cites *Turgeon* v. *Baker*, 105 Vt. 61, 163 Atl. 588; *Thayer* v. *Glynn*, 93 Vt. 257, 106 Atl. 834; *Wiseman* v. *Rome*, 250 Mass. 505, 146 N. E. 28; and *Brown* v. *Wood*, 201 N. C. 309, 160 S. E. 281, which hold that an independent and voluntary offer to pay, by one who has caused injury, constitutes an implied admission of liability. We agree. He cites another line of cases where a statement made by defendant to the insurance company was admitted for the purpose of contradicting his evidence given in court. See *Hill* v. *Jackson* (Mo. App.), 272 S. W. 105; *Rich* v. *Campbell*, 164 Wash. 393, 2 Pac. (2d) 886; *Sibley* v. *Nason*, 196 Mass. 125, 81 N. E. 887, 12 L. R. A. (N. S.) 1173, 124 A. S. R. 520, 12 Ann. Cas. 938. These cases are not helpful in solving the question before us. Attention is called to the following New Hampshire cases: *McCurdy* v. *Flibotte*, 83 N. H. 143, 139 Atl. 367, 368, where without deciding whether the statement "I shouldn't worry; I have got insurance" was competent in the first instance it was held that it became so in the progress of the trial by reason of defendant's testimony; *Herschensohn* v. *Weisman*, 80 N. H. 557, 119 Atl. 705, 28 A. L. R. 514, where a passenger in defendant's car remonstrated with defendant for reckless driving and the latter replied "Don't worry, I carry insurance for that," and it was held that on the question of defendant's negligence this was competent as indicating that he was not concerned about his recklessness because he was protected by insurance; *Lemire* v. *Pilawski*, 77 N. H. 116, 88 Atl. 702, where injury was caused by a runaway horse of defendant's and he stated that the horse was in charge of servants who, contrary to instructions, left it unattended in the street, but that he could do nothing because the horse was insured and he had re-

ported the accident to the office. It was said that the first part of the statement tended to show an admission of liability on the part of defendant, and the last part tended to show why he was defending a lawsuit wherein he admitted liability.

Among other cases that we have examined are: *Rowe* v. *Rennick,* 112 Cal. App. 576, 297 Pac. 603; *Potter* v. *Driver,* 97 Cal. App. 311, 275 Pac. 526, and *Maberto* v. *Wolfe,* 106 Cal. App. 202, 289 Pac. 218, where there appeared in the talk admitted an express promise on the part of defendant to pay or settle; *Wulze* v. *Aquardo* (Mo. App.), 6 S. W. (2d) 1017, and *Symons* v. *Woolen,* 97 Cal. App. 175, 274 Pac. 987, where defendant assured plaintiff that his damages "will be taken care of" or "will be paid;" *Langford* v. *Kosterlitz,* 107 Cal. App. 175, 290 Pac. 80, where defendant told the insurance company that he thought plaintiff ought to get something; *King* v. *Wilson,* 116 Cal. App. 191, 2 Pac. (2d) 833, 843, where following the reasoning in *Herschensohn* v. *Weisman, supra,* it was held that the last four words of the following: "He was sorry it all happened but he had insurance to pay for everything" might be construed as an admission of liability; and *Steinman* v. *Brownfield* (Mo. App.), 18 S. W. (2d) 528, where it was held that a statement by defendant that he was insured and thought plaintiff would be properly taken care of might be construed likewise. In each of these cases the admission of liability must have been implied from the *defendant's* recognition of his fault, evidenced by what he said; while the offered evidence contains nothing to indicate an admission or denial of liability by *defendant,* but is merely a statement of what the insurer said it would do, and as such was purely hearsay. There was no evidence, or claim that the insurer had authority to speak for defendant, consequently what it said could not be tortured into an admission of liability by him. In the circumstances the evidence was properly excluded.

Soon after the accident plaintiff had a talk with one Link about it and gave him a written statement as to how he claimed it happened and what he and defendant said and did about it immediately thereafter. Plaintiff was a witness in his own behalf. On cross-examination the statement was offered in evidence by defendant and, after being examined by plaintiff's counsel, was admitted without objection and plaintiff testified

that except in two or three minor respects, which he pointed out, it was true as far as it went, but did not include all he told Link. On redirect examination plaintiff offered to show all of the talk between Link and himself regarding the accident, and also that Link then told him that he represented defendant's insurance company, that plaintiff would have to sign the statement and that a copy of it would be given to the State of Vermont, for the purpose of showing all the conversation, and Link's interest and bias in the matter. The offer as made was excluded, but during his redirect examination plaintiff was permitted to show everything included in the offer that he desired to, as far as appears, except what Link said about the insurance company, and a copy of the statement being given to the State. This was all he was entitled to do. The rule contended for by him that when the declarations of a party are given in evidence against him, all that he said at the time that is material to the subject matter, *Turner* v. *Howard*, 91 Vt. 49, 99 Atl. 236, must be received and weighed, is well established. *Hendrickson* v. *Int. Harvester Co.*, 100 Vt. 161, 135 Atl. 702, and cases cited. The plaintiff was given the full benefit of this rule. What Link said about the insurance company, and about giving a copy of the statement to the State, had nothing to do with anything contained in plaintiff's statement, which was all that plaintiff had the right to explain and amplify. No tenable ground has been suggested for the admission of what Link said about the insurance company. The case is unlike *Robinson* v. *Leonard*, 100 Vt. 1, 134 Atl. 706, and *McAndrews* v. *Leonard*, 99 Vt. 512, 134 Atl. 710, where evidence that a *witness* was employed by defendant's insurer was admitted to show the interest, bias, etc., of the witness. Link was not a witness, nor was he in court as far as appeared. Then, too, in the circumstances, this evidence was merely hearsay. *Poland* v. *Dunbar*, 130 Me. 447, 157 Atl. 381. Nor was there error in the exclusion of what Link said about a copy of the statement being given to the State for any purpose for which it was offered.

Plaintiff on redirect examination offered in evidence Link's business card for the purpose of showing his connection with the insurance company, and it was excluded subject to plaintiff's exception. He now calls attention to 28 R. C. L. 615, where it is said that a *witness* may be impeached by show-

ing his bias, sympathy, hostility, or prejudice, and cases cited on the page following. This rule needs no supporting authorities. Link, as has been seen, was not a witness, and for reasons stated this evidence was properly excluded.

 Plaintiff offered to show on his redirect examination that other trucks were driven down the hill at the point where the accident occurred as fast as, or faster than, he was driving his truck at the time of the accident, and that defendant knew that fact. This was excluded subject to plaintiff's exception. Generally speaking, this class of evidence is inadmissible. *Clark, Admr.* v. *Smith & Hays, Receivers,* 72 Vt. 138, 47 Atl. 391; *Scott* v. *Bailey,* 73 Vt. 49, 50 Atl. 557; *Dionne* v. *American Express Co.,* 91 Vt. 521, 101 Atl. 209. The only ground upon which the admissibility of this evidence is now urged is that "defendant had made an issue of the custom of driving to the left by trucks going up hill," and the fact that other trucks were driven down the hill as fast as plaintiff was traveling made this improbable. Plaintiff has not called our attention to any evidence supporting the claim of such an issue at the time this evidence was offered. He testified on direct examination that defendant's truck was to the left of the center of the highway at the point of the accident. He was asked on cross-examination, in substance, if it was not where the other trucks were driven up the hill, and denied it. This was the status of the evidence when the offer was made. Consequently the exclusion of the evidence, at that time at least, was not error, and it was not offered later.

██ Doctor Kingston, a witness called by plaintiff, was asked on redirect examination, "Would the headache following immediately this collision have any bearing, in your opinion, in this case?" This was excluded as not being redirect examination, subject to plaintiff's exception. Since it related to the element of damages, only, and the verdict was for defendant, its exclusion was harmless.

 Plaintiff offered in evidence two photographs of the highway and locality where the accident happened in each of which appears a truck he had caused to be put in position just before the pictures were taken. These were marked for indentification plaintiff's exhibit 8 and plaintiff's exhibit 9. In 9 the truck is on the side of the highway plaintiff was traveling,

headed in the direction he was going; in 8 the truck is on the opposite side of the highway, headed in the opposite direction. These were offered for the purpose of showing the space in the highway that a truck similar in size to those involved in the accident would take at that point; to show by comparison the width of the highway, its general appearance and "evenness," and the general situation that "obtained at that point." They were excluded subject to plaintiff's exception. Since in connection with this offer plaintiff offered to show that the truck that appears in the photographs was the same width from outside to outside of the dual wheels as the one he was driving at the time of the accident, namely, 78 inches, and that the rear end of the truck in 9 was approximately opposite a spike indicated in the photographs by a cross, which we understand was the point of collision, we assume such to have been the fact. The admission of this class of evidence is largely in the discretion of the trial court and its rulings are not ordinarily reviewable. *Dent, Admr.* v. *Bellows Falls, etc., St. Ry.,* 95 Vt. 523, 533, 116 Atl. 83; *Leland* v. *Leonard,* 95 Vt. 36, 112 Atl. 198; *Goulette's Admr.* v. *Grand Trunk Ry. Co.,* 93 Vt. 266, 271, 107 Atl. 118; *Hassam* v. *Stafford Lumber Co.,* 82 Vt. 444, 74 Atl. 197. The truck in 8 instead of being to its left of the center of the highway, where plaintiff's evidence tended to show defendant's truck was when the accident occurred, is very close to the edge of the embankment on its right; and there was no evidence that the truck in 9 was located, with reference to the center of the highway, where plaintiff's truck was at the time of the accident. This was in no sense an attempt to picture conditions as they were at the time of the accident, as was the case in *Thayer* v. *Glynn,* 93 Vt. 257, 106 Atl. 834, but rather an attempt to get before the jury a set-up produced by plaintiff. It will be presumed, the contrary not appearing, that the evidence was excluded as matter of discretion, and in the circumstances the ruling will not be disturbed. Moreover, plaintiff was not harmed by the exclusion of this evidence, since all of the facts covered by the offer that he was entitled to show, appeared from other photographs and evidence in the case.

One Tabor, a witness called by defendant, after testifying to his experience in road work, that he had charge of making the fill on the east side of the highway where the acci-

dent occurred about a year and a half before; that such fill had been driven over but little at the time of the accident, and that he knew the result of driving loaded trucks over "that kind" of fills, was permitted to testify that in his opinion "It wasn't safe; it wasn't practicable" to do so. This was objected to on the ground that whether or not it was safe was a question for the jury, and that opinion evidence concerning that was inadmissible. As the evidence then stood, the exception was well taken. *Lucas* v. *Kelley,* 102 Vt. 173, 147 Atl. 281; *Houston* v. *Brush & Curtis,* 66 Vt. 331, 338, 29 Atl. 380. Whether what developed on cross-examination of the witness regarding the nature of this particular fill and his knowledge concerning it made this evidence competent we need not decide, since the defendant testified, later, on cross-examination that he could have driven his truck far enough to the east, his right, without going onto the fill, so "there would have been room for the other truck to have gone through exactly where it was." This being so, the safety of the fill was immaterial, and the admission of the witness' opinion respecting its usability was harmless.

 In its charge the court said: "A driver of an automobile has no right to assume that the road is clear, but is bound to be vigilant, watchful, and to anticipate and expect the presence of others." This was excepted to, not because a misstatement of the general rule, but on the ground that "in the circumstances of the case the plaintiff had a right to assume that the road would be clear at such a dangerous place and that no vehicles would be proceeding up that highway to the left of the center of the highway going up the hill." The evidence tended to show that because of a rut or gully in the highway, trucks were accustomed to travel where defendant's truck was at the place of collision, and that plaintiff knew, or ought to have known, that fact. If this was so, plaintiff had no right to assume otherwise. In the circumstances the exception taken is unavailing. Moreover, what the court said in the same connection and immediately following could have left no harmful impression in the minds of the jury.

 The court charged the jury: "Unless you decide that the accident was caused by negligence of the defendant, and not by any negligence of Fred Hutchinson which contributed in the least degree as the proximate cause of the accident * * *

your verdict should be for the defendant.'' This was excepted to on the ground that the issue of contributory negligence was not in the case. The record clearly shows otherwise. Then, too, the court had previously instructed the jury at length, and accurately, on this subject, to which no exception was taken.

The court charged the jury that in order for the plaintiff to recover he must establish by a fair balance of the evidence that he did not assume the risk of the accident. This was excepted to on the ground that that issue was not in the case, and because of the court's failure to charge that if defendant operated his truck on the left side of the highway, he assumed the risk of so doing.

While the doctrine of assumption of risk in its primary and narrow sense can apply only when there is a contractual relation between the parties, ordinarily that of master and servant, in its broader sense it may apply when no such relation exists, within the limits of the maxim, *volenti non fit injuria*. *Grover* v. *Central Vt. Ry. Co.*, 96 Vt. 208, 118 Atl. 874. The maxim is predicated upon the theory of knowledge and appreciation of the danger and voluntary assent thereto. It is not enough that the plaintiff knew and appreciated the danger, but he must voluntarily, that is, of his own free will, put himself in the way of it. If, however, after he learned the position of defendant's truck in the highway he appreciated the danger of attempting to pass it, and by the exercise of the requisite degree of care could have stopped his own truck before reaching the defendant's, he came within the rule if he chose to go on and take the chance of avoiding a collision. Without referring to the evidence bearing on this issue it is enough to say that a careful examination of it justified the conclusion that plaintiff adopted the latter course. It is now argued that defendant had the burden of proof on this issue. That question was not raised below and consequently it is not considered.

Plaintiff excepted to the charge because the jury was not instructed that failure of defendant to sound his horn constituted negligence, claiming that he was required to do so ''when driving to the left of the center of the highway.'' This exception is without merit for two reasons. The statute which plaintiff claims defendant violated, No. 70, Acts of 1925, sec. 68, subd. XIV (P. L. 5110, subd. XV) contains no such require-

ment; and since plaintiff, on his own testimony, saw defendant's truck in season to have avoided the accident, defendant's failure to sound his horn was in no sense the proximate cause of the accident and consequently was immaterial. *Hatch* v. *Daniels,* 96 Vt. 89, 117 Atl. 105, and cases cited.

██ Plaintiff excepted to the charge wherein the court said, "The plaintiff's conduct must be judged in the light of the dangers he might reasonably expect to encounter," because the court failed to tell the jury, in the same connection, that defendant's conduct should be judged in the same way. The language excepted to is a single sentence extracted from what the court said respecting plaintiff's assumption of risk, and what plaintiff insists should have been interpolated had no place in that connection. Moreover, it was fully covered by the charge taken as a whole, as it must be.

██ ██ Plaintiff excepted to the court's failure to charge "that the course of the defendant's truck, on the undisputed testimony, was taken as a matter of convenience and not of necessity, and that under such circumstances the defendant was not justified in violating the statute relative to his position on the highway." It is true that the evidence did not show an absolute necessity for defendant's truck being where it was when plaintiff collided with it; but it tended to show that because of the condition of the surface of the highway it was where all of the trucks, including the plaintiff's, were driven in going up the hill. Plaintiff stated in the report he gave Link, "That rut was in a bad place, and Herbert (defendant) drove just as the rest of us did, crossing the rut part way up the hill." On cross-examination, he testified that by the language "just as the rest of us did" used in the report he included himself and all the "fellows" that were driving trucks there. Although he later testified that he crossed the rut farther down the hill, and, in effect, that he did not know where the others did cross it, the jury quite likely may have accepted his first story rather than the later one. Speaking generally, a violation of the statute cannot be justified, but in view of the condition which the evidence tended to show existed at that particular point and the practice of all the drivers on that job to travel where defendant did, whether from necessity or convenience, to the knowledge of all of the truck operators as the evidence

tended to show it must have been, plaintiff was not entitled to a charge in the language above stated.

Plaintiff excepted to the failure of the court to charge that if the jury found that the defendant operated his truck to the left of the center of the available highway, he assumed the risk of such experiment and was required to use greater care than if he had kept to the right of the center of the highway. Whether the rule as stated could be successfully invoked in ordinary circumstances we need not, and do not, consider. In view of what the evidence tended to show, as just stated, regarding the condition of the highway and the practice of the drivers on that job, including the plaintiff, to drive where defendant did, to the knowledge of all such drivers, the plaintiff was not entitled to such unmodified instruction. Moreover, there was no evidence or claim, but that defendant exercised the utmost care in the operation of his truck, other than that he was to his left of the center of the highway.

At the close of the evidence plaintiff moved for a directed verdict on grounds not necessary to state, and excepted to the court's refusal to grant his motion. For reasons that must be apparent this ruling of the court must be sustained.

*Judgment affirmed.*